## COOPER EX-PARTE.

(Filed October 4, 1904).

1. WILLS—*Legacies and Devises—Rule in Shelley's Case.*

   A devise of realty to a person, and if he marries "and has a lawful heir," they to have the land, such devisee takes a fee-simple title.

2. COSTS—*Appeal—Infants—Guardian Ad Litem.*

   Where certain infant appellees were not represented by a guardian or next friend, the cost of the appeal would be taxed to the appellants, though the cause was reversed.

PETITION of G. B. Cooper and others for the construction of the will of W. A. Cooper, heard by *Judge W. B. Council* at chambers, at Henderson, N. C., May 26, 1904. From a judgment construing the will, all the petitioners, excxept B. A. Cooper and wife, appealed.

COOPER *Ex-parte.*

*F. A. Woodard, F. S. Spruill* and *W. H. Ruffin,* for the appellant.

*Jacob Battle,* for the appellees.

MONTGOMERY, J.   It becomes necessary in this case to construe a clause of the will of W. A. Cooper, which is in the following words: "And I bequeath to M. W. Cooper a certain tract of land (fully described) for the use of Arch Cooper, son of W. D. Cooper, and (if) Arch Cooper ever marries and has a lawful heir they have this land."   The appellants make two contentions: First, that the rule in Shelley's case is applicable, and that Arch Cooper took a fee-simple estate in the land, and, second, that if the words 'lawful heirs are construed to mean "children," and the will should be made to read "to the use of Arch Cooper and his children if he marries and has any," that then, under the case of *Silliman v. Whitaker,* 119 N. C., 89, Arch having had no children at the time of the death of the testator took a fee-simple estate in the land.

The contentions of the appellees are: First, that the devise was an executory limitation to be protected for the benefit of the children of Arch, and that the legal title therefore remains in the trustee, N. W. Cooper and his heirs, until Arch Cooper married and had a child or issue, and, second, that the clause constituted a shifting devise, a limitation of the whole fee upon a future contingency—the marriage of the first-named devisee and the birth of issue; to be more particular, that there was to be a substitution of the fee in Arch Cooper by another in his children if he should marry and have children

· We cannot give either one of the appellees' constructions to the clause of the will under consideration.   To adopt the first would be to do violence to the plain language of the will and to the intention of the testator as well.   It could

not have been in his mind to deprive his own son of the benefits of the estate by conferring them upon the first-born grandchild. The same result would follow if we adopted the appellees' second contention, for under that contention if the fee shifted from Arch, the father, to his first-born child, no subsequently born child could take. Only those who could answer to the "call of the roll" at the time of the shifting of the fee—the birth of the first child—could be let in. The estate must have become fixed immediately upon the birth of the first child, and that child would have been the absolute owner in fee if the shifting use or fee theory were held to be the correct one. *Dupree v. Dupree,* 45 N. C., 164, 59 Am. Dec., 590; *Walker v. Johnston,* 70 N. C., 576. We must then regard the words "and if Arch Cooper ever marries" as surplusage. That being done, the devisee, Arch Cooper, took a fee-simple estate, for the application of the rule in Shelley's case is clear upon the balance left of the clause.. *Leathers v. Gray,* 101 N. C., 162, 9 Am. St. Rep., 39; *Nichols v. Gladden,* 117 N. C., 497.

The proceedings before the Clerk of the Superior Court which resulted in a sale of the land devised were utterly void, but as the appellees, children of the devisee, Arch Cooper, had no interest in the land, as we have seen, they were not prejudiced by the decree of sale, and no appeal lay from such decree. However, it appears from the record of the proceedings before the Clerk that they, being infants, were not in fact represented by a guardian or next friend, and we deem it proper to order that the costs of this appeal be taxed against the appellants.

Error.