TYSON v. SINCLAIR.

(Filed April 4, 1905.)

*Wills—Rule in Shelley's Case.*

Where a will provided, "I devise to my grandson,. my storehouse and lot during the term of his natural life, then to the lawful heirs of his body in fee simple, on failing of such lawful heirs of his body, then to his right heirs in fee," the limitation over "on failing of such lawful heirs of his body, then to his right heirs in fee," does not prevent the operation of the Rule in Shelley's case and the grandson took an estate in fee simple.

ACTION by L. P. Tyson and others against J. P. Sinclair, and others, heard by *Judge G. W. Ward* at the Spring Term, 1904, of the Superior Court of MOORE County.

This was a civil action to compel the specific performance of a contract for the sale of land, heard upon the facts al-

leged and admitted in the pleadings. The defendants appealed from the judgment rendered.

*W. J. Adams,* for the plaintiffs.
No counsel for the defendants.

BROWN, J. The case turns upon the construction of the second paragraph of the will of Thomas B. Tyson, to-wit, "I give and devise to my grandson, Thomas B. Tyson, my store house and lot in the town of Carthage, adjoining the public square and opposite my dwelling house, with all the buildings thereon situated, during the term of his natural life, then to the lawful heirs of his body in fee simple, on failing of such lawful heirs of his body, then to his right heirs in fee."

His Honor in the court below adjudged that under this will, Thomas B. Tyson, the grandson, took an estate in fee simple. We think this construction the proper one. The rule in Shelley's Case applies and is in force in this State. *Starnes v. Hill,* 112 N. C., 1. It applies to devises as well as conveyances. *Chamblee v. Broughton,* 120 N. C., 175. It applies when the same persons will take the same estate, whether they take by descent or purchase; in which case they are made to take by descent; but when the persons taking by purchase would be different or have different estates than they would take by descent from the first taker, the Rule does not apply, and the first taker is confined to an estate for life, and "the heirs, heirs of the body etc." take as purchasers. *Ward v. Jones,* 40 N. C., 401.

We have not been favored with either brief or argument upon the part of the appellant in this case, and are at a loss to understand upon what words in the paragraph of the will he relies to distinguish this case from numerous others like it in the books. *Patrick v. Morehead,* 85 N. C., 62; *Leathers v. Gray,* 101 N. C., 162. The limitation over, "on

failing of such lawful heirs of the body then to his right heirs in fee," does not prevent the operation of the rule. If the limitation over had been to "the next of kin" then the Rule would not apply. "Any words added to the limitation which carry the estate to any other person, in any other manner or in any other quality than the Canons of Descent provide, will take the case out of the operation of the Rule, and limit the first taker to a life estate." *May v. Lewis,* 132 N. C., 117. The words used in this case are "to his right heirs in fee." The limitation over carries the estate just as it would go under the Canons of Descent, both in manner and quality *Nichols v. Gladden,* 117 N. C., 497. The judgment is

Affirmed.