## MERCHANTS NATIONAL BANK v. DORTCH & HINES AND DANIEL ALLEN.

(Filed 28 November, 1923.)

**1. Wills—Devise—Estates—Rule in Shelley's Case.**

> The rule in *Shelley's case* prevails in this State as a rule of property, overruling any particular intent of the grantor or devisor expressed in the instrument to the contrary, falling within its application.

---

BANK *v.* DORTCH.

---

**2. Same—Fee Tail—Statutes—Fee Simple.**

A devise of lands to the testator's named children "for life only and then to their body heirs," falls within the rule in *Shelley's case,* notwithstanding the use of the words "for life only," and carries to the remainderman a fee tail under the old law, converted by our statute into a fee-simple title. C. S., sec. 1734. *Harrington v. Grimes,* 163 N. C., 76, cited and applied.

CONTROVERSY without action heard and determined before his Honor, *Calvert, J.,* at November Term, 1923, of WAKE.

Plaintiffs have contracted to sell and defendants to buy a tract of land in said county, known as the Reedy Creek land, subject to the life estate of Martha Maynard, widow of Jacob Maynard, deceased, at a specified price, and defendants decline to proceed further on the ground that plaintiffs' title to said land is substantially defective and in violation of the terms and conditions of the contract. On the facts submitted, the court being of opinion that the title is good, entered judgment that defendants comply with the contract of purchase, and defendants except and appeal.

*Albert L. Cox, Carroll W. Weathers, and Smith & Maxwell for plaintiffs.*

*Raymond L. Henry for defendants.*

HOKE, J. The title offered depends upon the proper construction of the last will and testament of Jacob Maynard, deceased, devisor and former owner of the property, the items of the will appertaining to the question presented being in terms as follows:

"I give and bequeath to my oldest son, James Maynard, after the death of my wife or the termination of her widowhood, one-third of my land known as the Reedy Creek land, his lifetime only, and then to his body heirs.

"I give and bequeath to my oldest daughter, Penina Sorrell, after the death of my wife or the termination of her widowhood, one-third of my land known as the Reedy Creek land, her lifetime only, then to her body heirs.

"I give and bequeath to my youngest daughter, Mary King, after the death of my wife or the termination of her widowhood, one-third of my land known as the Reedy Creek land, her lifetime only, then to her body heirs."

In this connection it appears that Jacob Maynard, devisor and former owner, died in 1910, making disposition of the property in his last will and testament as above stated. That the three devisees, his only children and heirs at law, survived the testator, and also his widow, Martha,

who is still living. That after the death of said testator, Penina Sorrell died without issue or will, and later, Mary King died, leaving three children as her heirs at law, her husband having died before her. That plaintiff has acquired and holds the title to the property, subject to the life estate of the widow, by formal deeds from J. B. Hill, the latter having purchased and taken deeds in fee sufficient in form from James Maynard and from the three children of Mary King. Upon these facts plaintiff contends that its deed tendered to defendants will convey the entire title subject to the life estate of the widow.

Defendants contend that the title is defective in that, under the will of his father and by its true intent and meaning, James Maynard has only a life estate in the property, the devise being to "James Maynard for his lifetime only, and then to his bodily heirs."

In numerous decisions of the Court, the rule in *Shelley's case* has been recognized as existent in this State, and in cases calling for its application it is held that it prevails as a rule of property, overruling any particular intent to the contrary appearing in the instrument, deed or will by which the same is created. *Hampton v. Griggs,* 184 N. C., 13; *Wallace v. Wallace,* 181 N. C., 158; *Nobles v. Nobles,* 177 N. C., 245; *Robeson v. Moore,* 168 N. C., 388; *Harrington v. Grimes,* 163 N. C., 76; *Nichols v. Gladden,* 117 N. C., 497.

In the recent case of *Hampton v. Griggs, Stacy, J.,* delivering the opinion, said: "It is further conceded by practically all the authorities that the rule in question is one of law and not one of construction, and that at times it overrides even the expressed intention of the grantor, or that of the testator, as the case may be. But when this is said, it should be understood as meaning that only the particular intent is sacrificed to the general or paramount intent. It is not the estate which the ancestor takes that is to be considered so much as it is the estate intended to be given to the heirs. As said in *Baker v. Scott,* 62 Ill., 88: 'It has frequently been adjudged that though an estate be devised to a man for his life, or for his life *et non aliter,* or with any other restrictive expressions, yet if there be afterward added apt and proper words to create an estate of inheritance in his heirs or the heirs of his body, the extensive force of the latter words should overbalance the strictness of the former, and make him tenant in tail or in fee. The true question of intent would turn not upon the quantity of estate intended to be given to the ancestor, but upon the nature of the estate intended to be given to the heirs of his body.' The first question, then, to be decided is whether the words 'heirs' or 'heirs of the body' are used in their technical sense; and this is a preliminary question to be determined, in the first instance, under the ordinary principles of construction, without regard to the rule in *Shelley's case.* Not until this has been ascertained

by first viewing the instrument from its four corners (*Triplett v. Williams,* 149 N. C., 394), and determining whether the heirs take as descendants or purchasers, can 'it be known in a given case whether the facts presented call for an application of the rule. 'In determining whether the rule in *Shelley's case* shall apply, it is not material to inquire what the intention of the testator was as to the quantity of estate that should vest in the first taker. The material inquiry is, What is taken under the second devise? If those who take under the second devise take the same estate that they would take as heirs or as heirs of his body, the rule applies'; otherwise not. *Crockett v. Robinson,* 46 N. H., 454. The meaning or sense in which the words 'heirs' or 'heirs of the body' are employed, whether technical or otherwise, is denominated the general or paramount intent, and this is to be the controlling factor. As against this dominant purpose, the lesser or particular intent must give way; for having once determined that the second devise was intended to be given to the heirs of the first taker *qua* heirs, or in the strict and technical sense of heirs, the rule is inexorable. Hence, it appears that the effect of the rule is not to thwart, but to effectuate, the main intention and purpose of the grantor or donor. Yarnell's Appeal, 70 Pa. St., 335. See, also, the clear and instructive opinion by *Montgomery, J.,* in *Nichols v. Gladden,* 117 N. C., 497."

In *Wallace v. Wallace* it was held "That a limitation coming within the rule in *Shelley's case,* recognized as existent in this State, operates as a rule of property passing, when applicable, a fee simple both in deeds and wills, regardless of a contrary intent on the part of the testator or grantor appearing in the instrument." And a like ruling is approved in *Nobles v. Nobles* and *Robeson v. Moore, supra.*

In *Robeson v. Moore:* "It is established by repeated decisions of the Court that the rule in *Shelley's case* is still recognized in this jurisdiction, and where the same obtains, it does so as a rule of property without regard to the intent of the grantor or devisor."

Applying these principles, the devise in question to James Maynard for life and then to his bodily heirs, a fee tail under the old law converted by our statute, section 1734, into a fee simple, clearly comes within the rule in *Shelley's case,* and the first taker has a fee simple notwithstanding the estate of the devise is said to be "for his lifetime only."

The court below, therefore, has made correct ruling on the facts presented, and the judgment that defendants comply with their contract of purchase is

Affirmed.