### FRANK H. BRADLEY v. A. M. CHURCH.

(Filed 23 May, 1928.)

**Wills—Construction—Estates and Interests Created—Rule in Shelley's Case.**

> The terms of a devise of lands for life with remainder to the heirs of the body of the first taker fall within the rule in *Shelley's case*, and as a construction of law, the title in fee passes to the first taker, without regard to the intent of the testator.

Appeal by defendant from *Schenck, J.,* at November Term, 1927, of Caldwell. Affirmed.

*Squires & Whisnant for plaintiff.*
*Self & Bagby for defendant.*

Adams, J. The plaintiff brought suit to recover a tract of land and damages for its wrongful detention. The complaint was denied and the title was put in issue. The controversy was heard upon an agreed statement of facts and judgment was given in favor of the plaintiff. The defendant excepted and appealed.

Both parties claim under the will of John C. Link, the fifth item of which is as follows: "Of my lands west of a direct line from said white oak corner to a stake in the middle of the Double Shoals public road where said road crosses my northern boundary line, except the twenty acres devised to L. Pinkney Link, I give and devise one-fourth part to my daughter, Harriet Adeline White, in fee; one-fourth part to my daughter, Malissa Catherine Fisher, in fee; one-fourth part to my daughter, Annie Elizabeth Moose, in fee; one-fourth part to my daughter, Sarah Louellen Mull, for the term of her natural life, remainder in fee to the heirs of her body."

The question is whether the devise of a one-fourth part of the testator's lands to his daughter Sarah Louellen Mull "for the term of her natural life, remainder in fee to the heirs of her body" conveys title in fee. It can hardly be contended that it does not fall within the rule in *Shelley's case:* "When an ancestor, by any gift or conveyance, taketh

an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, the word heirs is a word of limitation of the estate, and not a word of purchase." 1 Coke, 104.

The appellant takes the position that the devise indicates the testator's intention to give to Sarah Louellen Mull nothing more than a life estate. However plausible this contention may be we are confronted with the principle that the rule in *Shelley's case* is not a rule of construction, but a rule of law, and therefore whatever the testator's intention may have been if he devises property, as in this case, to the first taker for life, with remainder in fee to his heirs or the heirs of his body, and there are no superadded words, the rule applies and the whole estate vests in the first taker. *Nichols v. Gladden,* 117 N. C., 498; *Reid v. Neal,* 182 N. C., 192; *Hampton v. Griggs,* 184 N. C., 13; *Bank v. Dortch,* 186 N. C., 510; *Hartman v. Flynn,* 189 N. C., 452; *Benton v. Baucom,* 192 N. C., 630; *Martin v. Knowles, ante,* 427.

It is conceded that if Sarah Louellen Mull acquired a fee to her part of the land there is no error in the judgment.

Affirmed.