ROY C. WHITEHURST, ET AL., v. ROY BOWERS.

(Filed 10 January, 1934.)

**Deeds and Conveyances C c—Deed in this case held to convey fee simple by application of rule in Shelley's case.**

A deed to "W., his lifetime and then to his heirs, if his heirs has no bodily heirs at their death the land returns back to" the grantor, with habendum clause "to said W., his lifetime and then to his heirs and assigns to their only use and behoof forever," with warranty clause in like tenor, conveys the fee-simple title to W. by application of the rule in *Shelley's case,* which applies in this State as a rule of property as well as a rule of law.

APPEAL by defendant from *Frizzelle, J.,* at Chambers, Snow Hill, 13 May, 1933. From PITT.

Controversy without action submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey to defendant a certain tract of land in Pitt County, duly executed and tendered a deed therefor and demanded payment of the purchase price as agreed, but the defendant declines to accept the deed and refuses to make payment, claiming that the title offered is defective.

The court being of opinion, on the facts agreed, that plaintiffs were able to convey a good and sufficient fee-simple title, gave judgment for the plaintiffs, from which the defendant appeals.

*Dink James for plaintiffs.*
*J. H. Spain for defendant.*

STACY, C. J. On the hearing, the sufficiency of the title offered was made to depend upon the construction of the following clauses in a deed from R. R. Whitehurst and wife to J. H. W. Whitehurst:

Granting clause: "to said J. H. W. Whitehurst, his lifetime and then to his heirs, if his heirs has no bodily heirs at their death the land returns back to R. R. Whitehurst or nearest heirs."

*Habendum* clause: "to the said J. H. W. Whitehurst, his lifetime and then to his heirs and assigns to they only use and behoof forever."

Warranty clause: "And the said R. R. Whitehurst and wife, G. A. Whitehurst, for theyselves and they heirs, executors and administrators, covenants with said J. H. W. Whitehurst, his lifetime and then to his bodily heirs, if none at his death, then land returns back to R. R. Whitehurst, or nearest heirs."

The case states that J. H. W. Whitehurst died intestate in October, 1928, not having disposed of the land in question, and leaving him surviving five children, plaintiffs in the present controversy without action.

Did the plaintiffs inherit from their father, or did they take such an estate under the deed to him, as to enable them to convey a fee-simple title to the defendant? The answer is, Yes.

It would seem that by virtue of the operation of the rule in *Shelley's case,* which obtains in this jurisdiction not only as a rule of law but also as a rule of property, J. H. W. Whitehurst took a fee-simple title to the *locus in quo* under the deed from R. R. Whitehurst and wife. *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60; *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313; *Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25; *Benton v. Baucom,* 192 N. C., 630, 135 S. E., 629; *Hampton v. Griggs,* 184 N. C., 13, 113 S. E., 501. This was the view of the trial court, and we agree with his decision.

We took occasion to examine the rule in *Shelley's case,* somewhat extensively, in the cases just cited, and it would serve no useful purpose to elaborate it further upon the facts of the present record. That its application is attracted by the limitations in the deed presented for construction seems too plain for debate.

It is agreed that the only question for decision is whether the plaintiffs are able to convey a fee-simple title to the *locus in quo*. They are.

Affirmed.