## MATTIE L. ROWLAND v. HOME BUILDING & LOAN ASSOCIATION.

### (Filed 7 April, 1937.)

**Deeds § 13b—Grantee held to take fee simple under rule in Shelley's case.**

A deed to L., "the said party of the second part, for and during the term of his natural life," and at his death ·"said lands shall descend to his heirs at law or to such collateral relations as may be entitled to same upon failure of issue," *is held* to convey the fee simple title to L. under the rule in *Shelley's case,* the controlling principle for the operation of the rule being the nature of the second estate and not the estate conveyed to the first taker, and the *habendum* in this case not altering the course of descent, but casting the estate on those who would take in the character and quality of heirs of the first taker.

APPEAL by defendant from *Williams, J.,* at February Term, 1937, of BEAUFORT.

Controversy without action, submitted on an agreed statement of facts.

The defendant, being under contract to lend plaintiff $2,200, to be secured by deed of trust on real estate, has declined to make said loan on the ground that title to the security offered is defective.

The court, being of opinion that plaintiff holds fee simple title to security offered, rendered judgment accordingly, from which the defendant appeals, assigning error.

*H. C. Carter for plaintiff, appellee.*
*MacLean & Rodman for defendant, appellant.*

STACY, C. J. On the hearing, the sufficiency of the title offered was properly made to depend upon whether deed from Mary A. Laughinghouse to T. L. Laughinghouse for the *locus in quo* conveys a fee simple or only a life estate.

The *habendum* is "to him, the said party of the second part, for and during the term of his natural life," and at his death "said lands shall descend to his heirs at law or to such collateral relations as may be entitled to same upon failure of issue." We agree with the trial court that by virtue of the operation of the rule in *Shelley's case,* which obtains in this jurisdiction, not only as a rule of law, but also as a rule of property, the grantee in said deed took a fee simple title to the property thereby conveyed. *Whitehurst v. Bowers,* 205 N. C., 541, 172 S. E., 180; *Morehead v. Montague,* 200 N. C., 497, 157 S. E., 793; *Doggett v. Vaughan,* 199 N. C., 424, 154 S. E., 660; *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60; *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313; *Parrish v. Hodge,* 178 N. C., 133, 100 S. E., 256; *Nobles v. Nobles,* 177 N. C., 243, 98 S. E., 715. "It (The Rule) applies when the same persons will take the same estate, whether they take by descent or purchase; in which case they are made to take by descent"—*Brown, J.,* in *Tyson v. Sinclair,* 138 N. C., 23, 50 S. E., 450. "In determining whether the rule in *Shelley's case* shall apply, it is not material to inquire what the intention of the testator was as to the quantity of estate that should vest in the first taker. The material inquiry is, What is taken under the second devise? If those who take under the second devise take the same estate, they would take as heirs or heirs of his body, the rule applies"—*Perley, C. J.,* in *Crockett v. Robinson,* 46 N. H., 454. *Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25.

It will be observed that the limitation after the death of the grantee does not change the course of descent. "The law will not treat that as an estate for life which is essentially an estate of inheritance, nor permit anyone to take in the character of heir unless he takes also in the quality of heir." *Steacy v. Rice,* 27 Pa. St., 95, 65 Am. Dec., 447. In other words, as an *heir* is one upon whom the *law* casts an estate at the death of the ancestor (II Blackstone, ch. 14), and as it is necessary to consult the law to find out who the heir of the ancestor is, the law, speaking through the rule in *Shelley's case,* in substance, says: "He who would thus take in the character of heir must take also in the quality of heir; that is, as *heir* by descent under the law and not by purchase under the instrument." *Yelverton v. Yelverton,* 192 N. C., 614, 135 S. E., 632.

Affirmed.