### W. W. ROSE v. TALITHA ROSE.

(Filed 8 January, 1941.)

**1. Wills § 42—**

Where the devisee of an intervening life estate dies prior to the first taker, her life estate is at an end.

**2. Wills § 33b—**

The rule in *Shelley's case* applies equally whether the remainder to the heirs is limited mediately or immediately after the estate to the ancestor.

**3. Same—**

The rule in *Shelley's case* is a rule of law, and its application depends not upon the estate intended to be devised to the ancestor but upon the estate devised to the heirs, the rule being applicable if the limitation over is to the same persons who would take the same estate as heirs, since the law will not permit a person to take in the character of heir unless he takes also in the quality of heir.

**4. Same—Rule in Shelley's case held applicable to devise in question.**

Testator devised the land in question to his son "his lifetime" then to his son's wife for her life or widowhood "but in case" the son "have any heirs said land to go to said heirs." *Held:* There is no reverter and no limitation over in case the first taker should "die without heirs" and nothing to indicate the use of the word "heirs" in any restricted sense, and the rule in *Shelley's case* applies to give an estate for life to the son, an intervening life estate to his wife, and a fee simple in expectancy to the son, and upon the termination of the intervening life estate by the death of his wife, the son may convey in fee simple.

APPEAL by defendant from *Carr, J.,* at November Term, 1940, of JOHNSTON.

Controversy without action submitted on an agreed statement of facts.

Plaintiff, being under contract to convey a 79-acre tract of land to defendant, duly executed and tendered deed sufficient in form to invest the defendant with a fee-simple title to the property, and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed and refuses to make payment of the purchase price on the ground that the title offered is defective.

The court, being of opinion that upon the facts agreed, the deed tendered was sufficient to convey a fee-simple title to the *locus in quo,* gave judgment for the plaintiff, from which the defendant appeals, assigning error.

*Wellons & Wellons for plaintiff, appellee.*
*W. O. Rosser, Jr., for defendant, appellant.*

Stacy, C. J.   The question in difference arises out of the construction of the following item in the will of J. C. Rose:

"5. I give and bequeath to my son, W. W. Rose, the Pierce place where he now lives  .  .  .  his lifetime, then to his wife, Sarah, her life time or widowhood but in case said W. W. Rose have any heirs said land go to said heirs."

It is conceded that if W. W. Rose take a fee simple in the land devised to him under the above clause in his father's will, the deed tendered is sufficient, and the judgment in favor of the plaintiff is correct, but the defendant questions the devise as vesting in W. W. Rose a fee-simple estate.

The record states that plaintiff's wife, mentioned as Sarah in the will, died in 1937, leaving her surviving the plaintiff, her husband, and no children, as none was born to their marriage.   The plaintiff has not remarried, and he has no children.   The intervening life estate of plaintiff's wife, Sarah, is therefore at an end, she having predeceased her husband.

It would seem that according to what was said in *Cooper, Ex parte,* 136 N. C., 130, 48 S. E., 581, the limitations in the present devise are so framed as to attract the rule in *Shelley's case,* which says, in substance, "that if an estate in freehold be limited to A., with remainder to his heirs, general or special, the remainder, although importing an independent gift to the heirs, as original takers, shall confer the inheritance on A., the ancestor." *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313. It operates to vest in the first taker a fee simple or a fee tail, as the case may be, divided or split by intervening limitations, where there are any. *Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25; *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60.   There were intermediate estates in *Shelley's case* itself.   *Benton v. Baucom,* 192 N. C., 630, 135 S. E., 629.

ROSE *v.* ROSE.

A very satisfactory statement of the rule by Lord Macnaghten will be found in *Van Grutten v. Foxwell,* Appeal Cases, Law Reports (1897), at p. 658: "It is a rule in law when the ancestor by any gift or conveyance takes an estate of freehold, and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs in fee or in tail, that always in such cases 'the heirs' are words of limitation of the estate and not words of purchase."

It is hardly necessary to observe that every part of this statement is deserving of attention, from the opening words, which declare it to be "a rule in law," to the last clause, which says that "the heirs" can never take by purchase when the rule applies. "In determining whether the rule in *Shelley's case* shall apply, it is not material to inquire what the intention of the testator was as to the quantity of estate that should vest in the first taker. The material inquiry is, What is taken under the second devise? If those who take under the second devise take the same estate, they would take as heirs or heirs of his body, the rule applies"—*Perley, C. J.,* in *Crockett v. Robinson,* 46 N. H., 454. "It (The Rule) applies when the same persons will take the same estate, whether they take by descent or purchase; in which case they are made to take by descent"—*Brown, J.,* in *Tyson v. Sinclair,* 138 N. C., 23, 50 S. E., 450.

It will be noted that the limitation to the heirs of W. W. Rose does not change the course of descent. "The law will not treat that as an estate for life which is essentially an estate of inheritance, nor permit anyone to take in the character of heir unless he takes also in the quality of heir." *Steacy v. Rice,* 27 Pa. St., 95, 65 Am. Dec., 447.

Reduced to its simplest terms, the devise in question is one to W. W. Rose for life, remainder to his wife Sarah for life, remainder to his heirs. *Rowland v. Building & Loan Assn.,* 211 N. C., 456, 190 S. E., 719. This under the rule in *Shelley's case* gives to W. W. Rose an estate for life in possession, with a fee simple in expectancy. *Hileman v. Bouslaugh,* 13 Pa. St., 344. He may deal with the property as full owner and convey it, subject only to the intervening life estate and its incidents. *Welch v. Gibson, supra; Smith v. Smith,* 173 N. C., 124, 91 S. E., 721; *Cotten v. Moseley,* 159 N. C., 1, 74 S. E., 454. As the intervening life estate is at an end, he may convey it absolutely and in fee simple.

The suggestion that the limitation to the heirs of W. W. Rose was intended as a shifting devise, or as a substitute for the limitation to his wife Sarah, even though arguable, when reduced to its final analysis, seems to lead to the same conclusion, or at least to no different result. *Whitfield v. Garris,* 131 N. C., 148, 42 S. E., 568; on rehearing, 134 N. C., 24, 45 S. E., 904. The disjunctive clause, "but in case said

W. W. Rose have any heirs," appears to be only an awkward expression, and should perhaps be disregarded as surplusage, *Cooper, Ex parte, supra,* but if not, its ultimate effect is to prevent a reverter, and in either event, the limitation falls within the rule in *Shelley's case.*

Here, there is no reverter and no limitation over in case the first taker should "die without heirs," *Willis v. Trust Co.,* 183 N. C., 267, 111 S. E., 166, and nothing to indicate the use of the word "heirs" in any restricted sense. *Leathers v. Gray,* 101 N. C., 162, 7 S. E., 657; *Whitley v. Arenson, post,* 121. See cases assembled in *Williamson v. Cox,* 218 N. C., 177, 10 S. E. (2d), 662.

The conclusion is reached that the judgment should be upheld.

Affirmed.