Daniel, J.
 

 Is the executory devise of John S. Smart’s share over to his brothers and sisters, upon an event too remote, and therefore void'? This is the question now for our decision. The word lend, made use of by the testator in the beginning of his will, which we are requested by the counsel to notice, whentaken in connection with the phraseology of the whole clause in question or the whole will itself, does not denote an intention in the testator to tie up the estates devised and bequeathed, to the time of the death of any of the several legatees or devisees. What the testator’ might have meant by the word
 
 lend,
 
 in case any of the children had died before the time of division, it is now useless to enquire, because it is clear, that he intended they should have, in the first instance, an absolute property in their several shares,
 
 after
 
 the division should take place. John S. Smart outlived the period of division. He, therefore, took his share absolutely; which, on his death, would go, the land to his heirs, and the personal estate to his administrator, in case the limitation over to his brothers and sisters is void in law. “ If he should die,
 
 without any heir in
 
 marriage,” is the event, upon which the estate of John S. Smart is, by the terms of the will, to go over to his brothers and sisters. The word
 
 heir
 
 is
 
 nomen generalissimum,
 
 and may include all kinds of heirs. That word by itself, therefore, will clearly make the executory devise over to the brothers and sisters rest on an event too remote, and therefore void.
 
 Brantley
 
 v.
 
 Whitaker,
 
 5 Ired. 225, And if we take the whole sentence together, it cannot, by any common sense interpretation be construed to mean, if he die
 
 without leaving children or leaving issue,
 
 then over. It was contended by the counsel, that ,! heir in marriage” meant children, so as to tie up the event within the proper period. But that is inadmissible, since it would exclude grand-children of the first taker; and certainly the testator did not mean, that, if one of the devisees had a child, and that child had issue and died in
 
 *364
 
 the lifetime of the first taker, that the estate should go over to the brothers and sisters of the first taker, and exclude the issue of the dead child. The most extended construction that we can give the sentence, in favor of the defendant, is the following: If he die without heirs of his body born in lawful wedlock, then over. And we know, that such words would only reduce the estate in fee in the land, which John S. Smart had vested in him by the former part of the will, to an estate tail, and would leave the personal estate just where it was ber fore, to wit, absolute in him and his administrators; as it is a rule of law, that any words in a will, that
 
 will
 
 create an estate tail in the land, will, when used in a bequest of chattels, create an absolute interest in them to the legatee. We therefore are of opinion, that the judgment must be affirmed.
 

 Per CuRiam, Judgment affirmed.