*29
 
 PeaesoN, J.
 

 Casper Stoltz bequeathed as follows:
 
 “Fifthly.
 
 I will and bequeath unto my daughter Christina, that married John Kiser, a negro girl by the name of Mariah and her increase, and the plantation on which
 
 they
 
 now live, by said John Kiser giving my beloved wife twenty bushels of corn and one good four horse load of hay per annum, as long as she lives, and at the' death of both of them, said negro girl and her increase, to fall to the heirs of my daughter Christina.”
 

 Christina is dead, leaving two children, who are the plaintiffs and her husband, who is the defendant: The question is, are the children entitled, as purchasers, under the limitation over? Or did the title to the negro woman vest absolutely in Christina, so as to pass to her husband ?
 

 It is settled that the “rule in Shelly’s case” applies to personal property, and we can see nothing to take this case out of its operation; Christina took at least a life estate, and by the same gift a limitation is made to “her heirs,” consequently, they are words of limitation and not of purchase. An examination, of the whole will shows nothing to justify the construction that “heirs ” is used in the sense of “ children”: If such was the testator’s intention, it is to be regretted that he did not use words proper to express his meaning, instead of using words that have a settled legal signification to the contrary.
 

 Our attention was directed to the fact that the limitation over, was “at the death of
 
 loth of
 
 them,” and it is suggested to be doubtful who was meant. It is evident that Christina was one of the persons meant, because the first estate is given to her, and the limitation over it is to
 
 her heirs:
 
 "Whether her husband or her mother was the other person meant, can make no difference; it only shows that the estate given to her was not only for her own life, but for the life of another also.'— It is settled that the intervention of a life estate to a third person, does not prevent the application of the rule; of course, giving the first taker a greater estate than for his own life cannot have that effect.
 

 Our attention was also directed, to the fact, that in regard to the “plantation,” no limitation over is made; so, Christina took that absolutely, and it is suggested that the limitation
 
 *30
 
 over, in regard to tbe negro, shows that the intention as to her, was different, and that the testator did not intend to give her also absolutely to his daughter. This may be so ; but it does not show that the testator used the word “ heirs ” in the sense of children, which is necessary, in order to prevent the application of the rule.
 

 When applied to real estate, the word “heirs” means those who take according to the rules of descent, and if a gift be made so as to .pass the same estate
 
 to the same persons as would pass by descent,
 
 the rule applies, and they are held to take by descent notwithstanding an expressed intention, that they should take as purchasers.
 

 Upon the same principle, if one in England devises to his eldest son, the same estate that he would take by descent, he is
 
 held
 
 to take as
 
 heir,
 
 and not as
 
 devisee.
 
 Both rules being-founded, not upon the question of intent, but upon the policy of preventing fraud.
 

 “The word “heirs” is not appropriate in the disposition of personal property, and when used, in reference to it, means those who take by law or under the statute of distributions; this is the rule when there are no orlier words to give it a different meaning.”
 
 Corbett
 
 v. Corbett, ante 117, 2 Wm’s on Ex’s, 725.
 

 So, if the testator meant by making the limitation over, and using the word “heirs,” to give the same estate to the same persons, that they would have taken if the absolute estate had been given to the taker of the first estate, the rule applies.— In order to prevent its application, words must be used, showing an intention to pass a different estate from that which would pass by law, or to give it to different persons from those who would take by law: as would have been the case if lie had used the word “children” instead of “heirs,” or used some other words showing that by
 
 “heirs”
 
 lie meant
 
 “chil
 
 dren..”
 

 The soundness of the rule, in regard to real estate, lias never been questioned. If one, in acquiring land, was permitted to take an estate to himself for life, and have the remainder limited over to his heirs, so as to give them the same estate by
 
 *31
 
 purchase, that they would have taken by descent, bad the ancestor taken a fee instead of a life estate, the door to fraud would be left wide open: widows would be defrauded of dower, creditors .of their debts, &c.
 

 The propriety of tlae application of the rule to personal estate was for some time questioned, but it lias been long settled, and is now an established rule of property wdiich cannot be departed from. Bill dismissed.
 

 Pee CuRiAM.. Decree accordingly.