JOHN C. KING and wife v. HENRY UTLEY.

*Construction of Will—Rule in Shelley's Case.*

A testator, dying in 1837, devised as follows: "I leave to my daughter C, the tract of land that I bought of H., to her, her natural life, and after her death, I give the same to her heirs forever." In another clause of the will there was a similar bequest of personal property.

*Held,* that the word "heirs" was one of limitation, and not of purchase, and the daughter took an estate in fee.

(*Folk* v. *Whitley*, 8 Ired., 133; *Sanderlin* v. *Deford*, 2 Jones, 74; *Coon* v. *Rice*, 7 Ired., 217; *McBee ex parte*, 63 N. C. 332; *Worrell* v. *Vinson*, 5 Jones, 91; *Zollicoffer* v. *Zollicoffer*, 4 Dev. & Bat., 438; *Floyd* v. *Thompson*, Ib., 478, cited and approved.)

CIVIL ACTION to recover land heard at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

Judgment for defendant, appeal by plaintiff.

*Messrs. A. M. Lewis & Son,* and *J. H. Fleming,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendant.

SMITH, C. J. The single question presented in the case agreed upon which judgment was rendered for the defendant in the court below, arises upon the construction and operation of the following clause contained in a codicil to the will of Woodson Clements:

"I loan to my daughter, Candis Utley, the tract of land that I bought of Henry Utley, lying on Buck branch, to her, her natural life, and after her death, I give the same to her heirs forever."

The testator executed his will and died in the year 1837. The feme plaintiff is the daughter of the devisee and the defendant, who upon the death of his wife in the year 1880 has since remained in possession, claiming the premises as tenant by the curtesy. The portion sought to be recovered in the action was assigned in severalty to the plaintiff in a proceeding for partition between herself and co-tenants who claim the estate in remainder, to which the defendant was not a party. The controversy is as to the legal effect of the terms of the devise: if it be to vest in the said Candis an estate in fee, the defendant is rightfully in possession ; if an estate for her life only, with remainder to her children, the plaintiffs are entitled to recover.

The body of the will contains a bequest in terms not dissimilar—" I lend unto my daughter, Candis Utley, during her natural life, one negro girl, named Annis, together with all her future increase, and after the death of the said Candis Utley, I give the said negro girl, Annis, to the heirs of the body of the said Candis forever." There are no other provisions in the instrument to guide in interpreting these clauses and ascertaining the legal intent of the testator.

The words employed are clearly and directly within the

rule established in *Shelley's* case, and which has been repeatedly recognized as the common law in force in this state. The rule is in substance that when a freehold is given to one and by the same gift a limitation is made to his heirs or the heirs of his body, the inheritance vests in him and not in his heirs. 1 Coke Rep., 93 ; 2 Jarman on Wills, 178 ; O'Hara Wills, 92 ; *Folk* v. *Whitly*, 8 Ired., 133 ; *McBee ex parte*, 63 N. C., 332 ; *Coon* v. *Rice*, 7 Ired., 217 ; *Worrell* v. *Vinson*, 5 Jones, 91. The act of 1827, which renders effectual limitations in a deed or will made after January 15, 1828, depending on the death of a prior deviseee without heirs, heirs of the body, issue, issue of the body, children, offspring, or other relation, which were previously held to be too remote and void, does not interfere with the application of the principle in determining the nature and extent of the precedent estate. This is declared in *Sanderlin* v. *Deford*, 2 Jones, 74, in construing a will executed in 1838.

The legal import of a limitation over to the heir or heir of the body is the same in this state, since the estate-tail created at common law by the superadded words *of the body*, is converted by the act of 1784 into an estate in fee, and there is but a single inheritance produced by the use of either expression. *Zollicoffer* v. *Zollicoffer*, 4 Dev. & Bat., 438 ; *Floyd* v. *Thompson*, *Ib.*, 478.

The section introduced in the Revised Code which went into operation on January 1, 1856, declaring " that any limitation by deed, will, or other writing to the heirs of a living person, shall be construed to be the children of such person, unless a contrary intention appear by the deed or will" (ch. 43. § 5), whatever may be its effect upon instruments of writing thereafter executed, cannot change or control the construction of the present will, or impair the vested estate then devised under it. The estate in fee then became absolute and fixed in the said Candis, and is unimpaired by any subsequent legislation.

It must be declared that the defendant as tenant by the curtesy is entitled to an estate for his life in the said land, and there is no error in the ruling of the court below.

No error.                                        Affirmed.