### E. P. EDGERTON v. B. F. AYCOCK.

(Decided November 1, 1898.)

*Rule in Shelly's Case.*

The Rule, when applicable, is a rule of law without regard to the intent of the grantor or devisor ; and is recognized as well settled law in North Carolina.

CIVIL ACTION for the price of land, tried before *Timberlake, J.*, at April Term, 1898, of WAYNE Superior Court.

The plaintiff contracted to sell the land to the defend-

ant, tendered him a fee simple deed and demanded the price agreed.

The defendant refused to pay the price and take the deed, contending that the title which plaintiff had acquired only amounted to a life estate.

His Honor held as a matter of law that the deed under which the plaintiff claimed from Nathan Edgerton and wife, dated February 2, 1872, conveyed to him the fee and rendered judgment in favor of plaintiff. Defendant excepted and appealed.

The controlling words of the deed are stated in the opinion.

*Messrs. Aycock & Daniels*, for the plaintiff.

No counsel *contra.*

FAIRCLOTH, C. J.:    The controlling words of the deed from Nathan Edgerton to E. P. Edgerton are these: "Do lend to the said E. P. Edgerton during his natural life" a certain tract of land and in the *habendum:* "To have and to hold the same with the appurtenances thereunto belonging, to the said E. P. Edgerton, his natural life, and at the death of the said E. P. Edgerton, we . . . . have given, granted, aliened, released and confirmed, and by these presents do give, grant, alien, release and confirm unto the lawful heirs of the said E. P. Edgerton and their heirs, executors, administrators and assigns, the above described premises," etc., and the only question presented is whether this deed, at common law, under the Rule in Shelly's Case, conveys a fee simple title to the grantee, the vendor of the defendant.

In England, from an early date, it was held that these and similar expressions, in wills and deeds, passed an estate in fee to the first taker (E. P. Edgerton here) as a

rule of law, without regard to the intent of the grantor or devisor.

In North Carolina the same rule was adopted by this Court, at its earliest existence, and has been uniformly so held in a list of decided cases, too numerous to refer to now, including the late case of *Chamblee* v. *Broughton*, 120 N. C., 170. The rule has been so long and so well settled, that it admits of no discussion at this day.

Affirmed.