### W. A. ROBESON et al. v. C. MOORE.

(Filed 24 February, 1915.)

1. **Estates—Rule in Shelley's Case.**
    The rule in *Shelley's case* is a rule of property without regard to the intent of the grantor or devisor, and is recognized as such and applied in the courts of this State in proper instances.

2. **Wills—Interpretation—"Lend"—Words and Phrases.**
    In the construction of a will, the word "lend" will be taken to pass the property to which it applies in the same manner as the words "give" and "devise," unless it is manifest that the testator intended otherwise.

3. **Estates—Limitations—Rule in Shelley's Case.**
    Where, under a will, a tract of the testator's land is "loaned" to T. during the term of his natural life, and at his death it is devised to his heirs at law in fee simple, the rule in *Shelley's case* applies and T. takes the land in fee simple.

APPEAL by defendant from *Ferguson, J.,* at December Term, 1914, of
MARTIN.

Controversy submitted without action.

On the hearing it appeared that plaintiffs, having contracted to sell
and convey to defendant a certain piece of land at a stated price, defend-
ant refused to comply with the contract, claiming that the title offered
was defective.

On the facts agreed upon, the court, being of opinion that deed ten-
dered would convey a good title, gave judgment for plaintiffs, and de-
fendant excepted and appealed.

*H. W. Stubbs and A. A. Dunning for plaintiff.*
*Clayton Moore for defendant.*

HOKE, J. The immediate grantor of plaintiffs was James G. Taylor,
devisee of the tract of land in question, under the will of his father, Jesse
Erwin Taylor, and, on the facts agreed, the title offered was properly
made to depend upon the construction of the will of said Jesse, in terms
as follows:

"ITEM 5. I loan to James G. Taylor during the term of his natural
life the following described tract of land, beginning at a gum in Bee
Branch, Moye P. Taylor's corner, and running along said Taylor's line
$4^{25}\!/_{100}$ chains; thence S. 55 W. to the line of the lands devised to my
daughter, Mollie Smith, in Item 4; thence along said line and along
Julian H. Purvis's line and Mrs. Ruth Taylor's line and M. P. Taylor's
line to a dead elm in Bee Branch; thence up said branch to the first
station; containing 190 acres, more or less; and at the death of said
James G. Taylor I give and devise the said land to his heirs at law in
fee simple forever."

The case states that James G. Taylor is now living and has two chil-
dren, and defendant contends that, under said clause, the devisee took
only a life estate.

It is established by repeated decisions of the Court that the rule in
*Shelley's case* is still recognized in this jurisdiction, and where the same
obtains it does so as a rule of property without regard to the intent of
the grantor or devisor. *Jones v. Whichard,* 163 N. C., 243; *Price v.
Griffin,* 150 N. C., 523; *Edgerton v. Aycock,* 123 N. C., 134; *Chamblee
v. Broughton,* 120 N. C., 170; *Starnes v. Hill,* 112 N. C., 1.

In *Jones v. Whichard* a very accurate statement of the rule is given,
with approval from Preston on Estates, as follows: "When a person
takes an estate of freehold, legally or equitably, under a deed, will, or
other writing, and in the same instrument there is a limitation by way
of remainder, either with or without interposition of another estate of
an interest of the same legal or equitable quality to his heirs, or heirs of

his body, as a class of persons to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate."

It is further held here and elsewhere that, in the construction of a will, the word "lend" will be taken to pass the property to which it applies in the same manner as the words "give" and "devise," unless it is manifest that the testator intended otherwise. *Sessoms v. Sessoms,* 144 N. C., pp. 121-124, citing *Cox v. Marks,* 27 N. C., 361; *King v. Utley,* 85 N. C., 59, and other cases.

Applying the principles as approved and stated in these cases, we think it clear that plaintiff's grantor, James G. Taylor, took a fee-simple estate, the devise giving him an estate in the property for life and then to his heirs general to take in succession forever.

There is no error, and the judgment below is

Affirmed.