W. T. LITTLE ET ALS. v. J. W. EFIRD ET ALS.

(Filed 24 November, 1915.)

**Equity—Injunction—Cloud on Title—Judgment Liens— Fraud.**

A devise of lands for life, authorizing the life tenant to sell a portion thereof to pay debts due by the estate, and at the termination of the life estate the lands to be sold and the proceeds divided between W., the husband of the life tenant, and certain others specified, in certain proportions. There were affidavits tending to show that to pay debts against the estate it was necessary to sell the whole of the lands, which were purchased at the sale by the life tenant at an adequate price, the executor, W., and the heirs at law joining in the conveyance. A judgment creditor of W. issued execution and levied upon the lands, and was proceeding to sell the interest of W. when he and others interested instituted their action to have the sale under the levy restrained and the lien of the judgment removed as a cloud on the title; and the defendant sets up in this action that the transaction was a device to hinder, delay or defraud him in his rights: *Held,* equity will take jurisdiction in such instances of removing the cloud upon the title to lands, and the main relief sought being by injunction, and a material question being raised making for plaintiff's right and tending to establish it, the restraining order will be continued to the final hearing.

APPEAL by defendant from *Devin, J.,* at chambers in ALBEMARLE, on 14 May, 1914.

Civil action heard on motion by defendant to dissolve a temporary restraining order.

° The action was instituted by Sarah C. Little, having legal title and in possession of a tract of land, and W. I. Little, as executor of S. C. Little, and others to restrain defendant from having the land sold under a judgment and execution in his favor against said W. I. Little, one of plaintiffs, and thereby wrongfully casting a cloud upon the title of said Sarah Little, etc. On consideration of the facts in evidence, his Honor entered judgment continuing the restraining order to the hearing, and defendant excepted and appealed.

*J. M. Brown & Son and R. L. Smith for plaintiff.*
*A. C. Honeycutt for defendant.*

HOKE, J. On the hearing there were facts in evidence on part of plaintiffs tending to show that the land, the subject-matter of the litigation, was the property of S. C. Little, who died resident of Stanly County in November, 1908, leaving a last will and testament in which he devised the said property to his daughter, Sarah, *feme* plaintiff, for life, and that at the termination of the life estate said land be sold and the proceeds in money arising therefrom be divided, plaintiff W. I. Little to have half the proceeds of sale and the other half to be divided among his other children and one grandchild.

By a codicil to said will the life tenant, Sarah C. Little, was authorized to sell the personal property to enable her to pay the debts of testator and, with advice and consent of W. I. Little, executor, she might sell as much as ten acres of land for like purpose; that the debts proving to be of greater amount than supposed, it was found necessary to sell all of the land of the testator to pay his debts, and the same was sold and conveyed to the life tenant at its full value of $300, the executor and heirs at law joining in the deed, and the money arising therefrom was all paid on the debts of the testator and the account and settlement of the estate was offered in evidence in support of plaintiff's position; that defendant, having docketed two judgments against W. I. Little, had caused execution to be issued and levied, and, at his instance, the land was advertised to be sold according to the exigency of said writs and would be, unless restrained, etc., thereby wrongfully casting a cloud on the title of Sarah C. Little, the true owner. There was evidence on part of defendant tending to show that he had two judgments, duly docketed, against W. I. Little, and husband and coplaintiff of Sarah C. Little; that by making the conveyance to his wife for the land he and the other heirs had thereby elected to hold the devise as realty, and that there was ample personal property, with the ten acres specifically allotted, to pay the debts and settle all the obligations of the estate, and the entire

transaction was entered into and the conveyance in question made, not in good faith, but with a view and purpose of defrauding defendant of his just debt and claim and preventing its collection out of the estate.

Under several of our decisions on the subject and by the express provisions of the statute, the owner of land is entitled to the benefit of a suit. of this kind and to restrain proceedings under a docketed judgment when it is made to appear that such course would wrongfully cast a cloud on the owner's title. *Smith v. Parker*, 131 N. C., 470; *Mortgage Co. v. Long*, 113 N. C., 123; Revisal 1905, sec. 1589. And when, as in this case, the main purpose of the action is to obtain a permanent injunction, it is held to be the correct rule: "That if the evidence raises a serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, the preliminary restraining order should be continued to the hearing." *Tise v. Whitaker*, 144 N. C., 510, citing *Hyart v. DeHart*, 140 N. C., 270; *Cobb v. Clegg*, 137 N. C., 153, etc., a position approved in several of the more recent cases on the subject. *Guano Co. v. Lumber Co.*, 168 N. C., 337; *Herndon v. R. R.*, 161 N. C., 650; *Stancil v. Joyner*, 159 N. C., 617.

Applying the principle, there is assuredly on the record serious question raised as to the right of defendant to proceed further by execution and sale of the property, and the judgment of his Honor, continuing the restraining order to the hearing, is approved.

Affirmed.