DOREMUS L. SMITH v. SUSAN E. SMITH ET AL.

(Filed 14 March, 1917.)

**1. Equity—Cloud on Title—Wills—Devise—Remaindermen—Statutes.**

A court of equity may entertain a suit to remove a cloud upon the title of one claiming lands in fee simple under a devise, against those who assert that he had only a life estate, with remainder to themselves, under a proper construction of the will. Revisal, sec. 1589.

**2. Wills—Devise—Loan—Estates for Life—Rule in Shelley's Case.**

The word "loan," used in connection with a testamentary disposition of lands for life, bears the same interpretation as the words "give" or "devise," unless a contrary intent appears, and a "loan" to testator's son, S., of certain lands "to have during his life, at his death to his bodily heirs, and to his wife her lifetime or widowhood," is of the fee simple to S., subject to the life estate of his wife, or until she remarry; and the precedent life estate in her does not affect the operation of the rule in *Shelley's case,* so far as the heirs are concerned.

CIVIL ACTION to remove a cloud from plaintiff's title, heard on facts admitted in the pleadings before *Lyon, J.,* at November Term, 1916, of PITT.

There was judgment for plaintiff, and defendants excepted and appealed.

*Harding & Pierce for plaintiff.*
*F. M. Wooten for defendants.*

HOKE, J. Plaintiff's title to the land, the subject-matter of this litigation, is dependent on the will of his father, Joshua W. Smith, deceased, the devise to plaintiff being in terms as follows:

"I loan to my son, D. L. Smith, two tracts of land (describing same), to have during his life, at his death to his bodily heirs and to his wife her lifetime or widowhood," etc., and charging the devisee with payment of certain small amounts in money to persons designated.

The plaintiff, contending that he owns the land in fee, under the rule in *Shelley's case,* subject to a life estate in his widow, brings this action

against his minor children, alleging that they contend and claim that plaintiff has, under the will, only a life estate in the property, and, by reason of such claim, he is unable to sell or encumber-his interests or otherwise ·enjoy the rights of ownership to which his estate entitles him.

Defendants, summoned and duly represented by guardian *ad litem,* answer, admitting the allegations in the complaint except as to nature and extent of plaintiff's estate, and aver that under the will plaintiff had only an estatefor life. Under our statute, Revisal, sec. 1589, by which the powers formerly exercised in cases of this character have been much enlarged, the court had undoubted and full jurisdiction to determine the question presented. *Little v. Efird* ,170 N. C., 187; *Christman v. Hilliard,* 167 N. C., pp. 4-8; *Campbell v. Cronly,* 150 N. C., 457. And we concur in his Honor's judgment that the will of Joshua Smith conveys and devises to plaintiff a fee-simple interest in the property, subject to the estate to his wife during her lifetime or widowhood, this, by correct interpretation, being a life estate in her unless sooner terminated by her marriage. *Kratz v. Kratz,* 189 Ill., 276, and in remainder after the interest for life first devised to the husband, the plaintiff.

We have held in several of the more recent cases that the word "lend" or "loan," in a will, will be taken to pass the property to which it applies in the same manner as "give" or "devise," unless it is manifest that the testator otherwise intended. *Robeson v. Moore,* 168 N. C., 388; *Sessoms v. Sessoms,* 144 N. C., pp. 121-124, and, under this instrument, by correct construction, the estate was devised to the son, the plaintiff, for life, remainder to his wife for her lifetime or widowhood, remainder to the bodily heirs of the son. In *Nichols v. Gladden,* 117 N. C., pp. 497-500, the rule in *Shelley's case,* as it appears in First Coke, 104, is given as follows: "That when an ancestor, by any gift or conveyance, Taketh an estate of freehold and, in the same gift or conveyance, an estate is limited either mediately or immediately to his heirs in fee or in tail, the word heirs is a word of limitation of the estate and not of purchase." The rule as given in Preston on Estates, appearing in *Robeson v. Moore, supra,* and other cases, will serve to throw light on the words "mediately or immediately," if explanation were at all needed. Thus, "When a person takes an estate of freehold, legally or equitably, under a deed, will, or other writing, and in the same instrument there is limitation by way of remainder, *either with or without the interposition of another estate,* of an interest of the same· legal or equitable quality, to his heirs of his body as a class of persons to take in succession from generation to generation," etc. Thus, by the very terms of the rule, and as explained and applied in numerous

and well considered opinions, the interposition of a life estate in another does not interfere with the operation of the rule so far as the heirs are concerned. When the estate comes to them, if it ever does, they take by descent and not by purchase, and the ancestor or first taker, in this and like cases, has full power of control over the property and may sell or encumber as a full owner may, subject only to estate in remainder to the wife during her life or widowhood and the rights incident to it. *Cotten v. Moseley,* 159 N. C., 1; *Edgerton v. Aycock,* 123 N. C., 134; *Kiser v. Kiser,* 55 N. C., 28; *Quick v. Quick,* 21 N. J. Eq., 13.

On the facts admitted, the plaintiff is entitled to the relief awarded him, and the judgment below is

Affirmed.