J. J. WALLER and EVA WALLER, His Wife, and MARIE ELIZABETH DAVIS and CHARLIE DAVIS, v. GEORGE O. BROWN et al.

(Filed 9 October, 1929.)

**Deeds and Conveyances C c—In this case held: deed conveyed life estate to B. with remainder to his children living at his death.**

Under a deed of gift to the grantor's son, using the words "lend to him during his life, and after his death to his children," with *habendum* "to them and their heirs in fee simple," the word "lend" will be construed as a word of conveyance to effectuate the intent of the grantor as expressed in the instrument, and the son takes a life estate in the lands with remainder over to his children living at the time of his death, and the deed does not operate as a conveyance directly to the children living at the time the deed was made, reserving a life estate to the son, and they do not take to the exclusion of the children born thereafter.

Appeal by plaintiffs from *Nunn, J.,* at June Term, 1929, of Lenoir. Affirmed.

Controversy without action on an agreed statement of facts. On 30 January, 1884, Haywood Waller and his wife executed and delivered to Andrew Waller a written instrument, the material facts of which are as follows:

"This deed made this 30 January, 1884, by Haywood Waller and wife, Charlotte Waller, of Lenoir County, and State of North Carolina, of the first part, to Andrew Waller, of Lenoir County, and State of North Carolina, of the second part, witnesseth:

"That the said Haywood Waller and wife, Charlotte, in consideration of the love and affection which we bear our son, Andrew J. Waller. We do lend to him during his life a tract of land to the said Andrew J. Waller, and after his death we give the land to his children, all the right, title, interest and estate, a tract of land in Lenoir County, State

of North Carolina, adjoining the lands of Jesse Nobles, Woodley Decton and Acy Waller and others bounded as follows, containing 46 acres. . . .

"To have the use. of said land during his life, and after his death we give the land to his children, only excepting the use of timber for ourselves.

"To have and to hold to them and their heirs in fee simple forever the aforesaid tract of land, and all privileges and appurtenances thereto belonging to the said Andrew J. Waller's children, their heirs and assigns, to their only use and behoof forever."

When the deed was executed Andrew Waller had three living children; the two plaintiffs J. J. Waller and Marie Elizabeth Davis, and Viola Hall, one of the defendants. After the execution of the deed there were born to Andrew Waller and his wife the following children: James H. Waller, Henry J. Waller, Tiffany Waller Smith, Essie Waller Brown, and Ellen Waller Smith. Andrew Waller took and held possession of the land as life tenant until his death in 1929. All his children survived him, except Ellen Waller Smith, who died 5 March, 1920, survived by her husband and six children, who are defendants. On 22 February, 1923, prior to the death of Andrew Waller, the plaintiff J. J. Waller conveyed a one-eighth interest in the land to M. F. Waller, and on the same date James H. Waller and Henry J. Waller each conveyed a one-eighth interest to M. F. Waller. On 10 July, 1926, M. F. Waller died intestate survived by his widow and several children. All the parties in interest are parties to this proceeding.

The plaintiffs, two of the three children who were living when the deed was executed to Andrew Waller, brought an action against the defendant to recover possession of the land (except as to the one-eighth interest they had conveyed), and damages, claiming that the whole title vested in the children who were living when the deed was executed and that the children born thereafter had no interest in the land. The defendants denied the plaintiff's allegations and pleaded tenancy in common and asked that the land be partitioned among the tenants.

It was adjudged at the hearing that upon the death of Andrew Waller and the termination of his life estate in the lands the interest in remainder vested in his children as a class living and in being at the time of his death, that the children of Ellen Waller Smith, grandchildren of the grantor, had no legal interest in the land. The prayer of the plaintiffs was denied and the cause was remanded to the clerk for proceedings in partition. The plaintiffs excepted and appealed.

*Shaw & Jones for plaintiffs.*
*Whitaker & Allen and Powers & Elliott for defendants.*

ADAMS, J. The appellants argue *in limine* that the grantors in the deed conveyed the land therein described directly to the living children of Andrew Waller, reserving to him the use of the land for his life without the creation of an intervening estate of freehold; that as there is no conveyance to Waller there can be no remainder vested or contingent; and that the children born after the execution of the deed can have no interest in the property. This argument, we presume, is founded on the phraseology of the deed; more particularly, no doubt, on the words, "We do lend to him during his life."

An effective deed must, of course, contain operative words of conveyance—words which indicate the grantor's intention to convey his property; but the absence either in deeds or in wills of technical operative words will not usually be regarded as adequate cause for defeating an intention which is found upon examination of the whole instrument to be plainly though untechnically expressed. It was remarked in *Elliott v. Jefferson,* 133 N. C., 207, 214, that no rule can be invoked, no matter how correct in its general application, that tends to defeat the intention of the grantor. Henry Waller and his wife no doubt regarded the word "lend" as synonymous with the word "convey," their manifest purpose being to convey to Andrew Waller an estate for his life. This is the meaning frequently given the word in the construction of wills. *Smith v. Smith,* 173 N. C., 124; *Robeson v. Moore,* 168 N. C., 388. It is the meaning given it by this Court in the construction of a deed. *Edgerton v. Aycock,* 123 N. C., 134.

Andrew Waller having taken a life estate, our decision involving the controversy of the remaindermen will be controlled by the case of *Powell v. Powell,* 168 N. C., 561. In its distinctive features the deed there construed is almost identical with the one now under consideration, the difference being a provision in the former that in the event of the death of any one of the remaindermen during the existence of the life estate his interest should go to his surviving child or children—a provision similar to that in *Mercer v. Downs,* 191 N. C., 203, and in *Trust Co. v. Stevenson,* 196 N. C., 29. The absence of this provision in the deed before us does not affect the construction or the decisive point. The decision in *Powell v. Powell, supra,* is based upon the law as stated by *Pearson, C. J.,* in *Dupree v. Dupree,* 45 N. C., 164, 168: "A bequest or use limited to the children of A. passes only to such children as A. has at the time (and we will suppose that a child *en ventre* would be included); but a bequest or use limited to the children of A., after an estate to her for life, remains open, so as to take in all the children she may have at her death. And this class of cases is put on the ground, that by reason of the life estate, it does not become necessary to fix the legal ownership until the death of the taker of the first estate."

It was accordingly held in an opinion written by *Allen, J.,* that all the children who were living at the termination of the life estate had an interest as remaindermen, whether born before or after the execution of the deed. This decision, supported by the authorities therein cited, is conclusive on the question now under discussion. The judgment is
Affirmed.