R. T. ALLEN v. THOMAS F. HEWITT.

(Filed 3 November, 1937.)

**1. Wills § 31—**

The terms "loan" and "lend," when used in a will, are to be interpreted as "give" or "devise," unless it is manifest that the testator intended otherwise.

**2. Wills § 33b—**

A devise to one for life with limitation over to his heirs in fee conveys a fee simple under the rule in *Shelley's case*, which is a rule of law and not of construction, and the rule applies when the intent is apparent to convey the fee in remainder to the heirs, and is unaffected by a further limitation over.

**3. Same—Rule in Shelley's case held applicable to devise in question.**

A devise to F. "for his use and benefit during his natural life and at his death to go to his heirs in fee simple forever; and I further will and direct that the said land . . . shall return into and make a part of the surplus of my estate to be disposed of by my executor as directed in my will" *is held* to convey the fee simple to F. by operation of the rule in *Shelley's case*, and the subsequent provision that the lands should return into the estate, to be disposed of by the executor as directed, is void as being repugnant to the fee.

APPEAL by defendant from *Hamilton, Special Judge,* at August Term, 1937, of LENOIR. Affirmed.

This is an action to recover upon an agreement of purchase and sale of a certain tract of land described in the pleadings. The defendant admitted the agreement, but alleged that the plaintiff did not own said land in fee and could not comply with his contract to convey in fee simple. On motion of the plaintiff, judgment was entered upon the pleadings in favor of the plaintiff and against the defendant and the defendant appealed.

*Matt H. Allen for plaintiff, appellee.*
*R. F. Hoke Pollock for defendant, appellant.*

BARNHILL, J. The plaintiff derived such title as he possessed by *mesne* conveyances from Elijah LaFayette Franck. The quality of the

title of Elijah LaFayette Franck depends upon the interpretation of the language contained in the codicil to the will of John M. Franck as follows: "Whereas, I, John M. Franck, have made my last will and testament in writing, bearing date the... ..day of...... ...... .. , and have thereby made sundry devises and bequests according to the then existing circumstances of my estate, but circumstances having now materially changed, I do by this writing which I hereby declare to be a codicil to my said will to be taken and construed as a part thereof. In consideration of love and affection do hereby will and direct that a certain tract of land lying on the west side of public road (then proceeds to describe) containing by estimation 25 acres, more or less, which in my will was devised to my two daughters, Leah J. Franck and Sybil Franck, that said tract of land is hereby loaned to my son Elijah LaFayette Franck for his use and benefit during his natural life and at his death to go to his heirs in fee simple forever; and I further will and direct that the said 25 acres of land taken out of the legacies to my two daughters shall return into and make a part of the surplus of my estate to be disposed of by my executor as directed in my said will and testament of which this codicil is hereby declared to be a part."

It is admitted that this appeal turns upon an interpretation of the gift to Elijah LaFayette Franck, and that if he acquired a fee under the terms of said will the judgment should be affirmed.

The terms "loan" and "lend" when used in a will are given the interpretation of the words "give" and "devise" unless it is manifest that the testator intended otherwise. *Sessoms v. Sessoms,* 144 N. C., 121, citing *Cox v. Marks,* 27 N. C., 361; *King v. Utley,* 85 N. C., 59; *Robeson v. Moore,* 168 N. C., 388; *Waller v. Brown,* 197 N. C., 508.

A devise to one for life with limitation over to his heirs in fee simple conveys a fee simple under the rule in *Shelley's case.*

It is established by repeated decisions of this Court that the rule in *Shelley's case* is still recognized in this jurisdiction, and where the same obtains it does so as a rule of property without regard to the intent of the grantor or devisor. *Jones v. Whichard,* 163 N. C., 241; *Price v. Griffin,* 150 N. C., 523; *Edgerton v. Aycock,* 123 N. C., 134; *Chamblee v. Broughton,* 120 N. C., 170; *Starnes v. Hill,* 112 N. C., 1; *Bank v. Dortch,* 186 N. C., 510; *Wallace v. Wallace,* 181 N. C., 158; *Hampton v. Griggs,* 184 N. C., 13. In *Hampton v. Griggs, supra,* it is said by the present Chief Justice: "It is further conceded by practically all the authorities that the rule in question is one of law and not one of construction, and that at times it overrides even the expressed intention of the grantor or that of the testator, as the case may be, but when this is said it should be understood as meaning that only the particular intent is sacrificed to the general or paramount intent. It is not the estate

which the ancestor takes that is to be considered so much as it is the estate intended to be given to the heirs. As said in *Baker v. Scott,* 62 Ill., 88: 'It has frequently been adjudged that though an estate be devised to a man for his life, or for his life *et non aliter,* or with any other restrictive expressions, yet if there be afterward added apt and proper words to create an estate of inheritance in his heirs, or the heirs of his body, the extensive force of the latter words should overbalance the strictness of the former and make him tenant in tail or in fee. The true question of intent would turn not upon the quantity of estate intended to be given the ancestor, but upon the nature of the estate intended to be given to the heirs of his body.' "

The subsequent provision attached to the gift that the same should return into and make a part of the surplus of the testator's estate is repugnant to the gift in fee and is inoperative. *Barco v. Owens, ante,* 30, and cases there cited. The plaintiff is the owner of the tract of land described in the pleadings in fee and the judgment below is

Affirmed.