RANTON H. JACKSON AND WIFE, MARY LOU JACKSON, v. W. A. POWELL
AND WIFE, HATTIE JANE POWELL.

(Filed 21 November, 1945.)

**1. Deeds § 13a—**

When real estate is conveyed to any person, the conveyance shall be construed to be in fee simple unless such conveyance in plain words shows the grantor intended to convey an estate of less dignity.   G. S., 39-1.

**2. Deeds § 11:  Wills § 31—**

Where language is used having a clearly defined legal signification, there is no room for construction to ascertain the intent; it must be given its legal meaning and effect.

**3. Deeds § 13a:  Wills § 33a—**

When the words "bodily heirs" or "heirs of the body" are used in a deed or will, and are not so qualified as to indicate that they are used merely as a *descriptio personarum*, they are equivalent to the words "heirs general."

**4. Deeds § 13b:  Wills § 33b—**

In a deed in form a fee simple, except that immediately after the description there appears the following—"The grantors hereof make this conveyance to the grantees named above during their natural lifetime then to their bodily heirs to the third generation," the phrase "to the third generation" is void, being within the rule against perpetuities, hence the grantees take a fee simple title to the property conveyed, under the rule in *Shelley's case.*

APPEAL by defendants from *Grady, Emergency Judge,* at September Term, 1945, of WAKE.

This is an action for specific performance.

The plaintiffs agreed to sell and the defendants agreed to buy a certain tract of land in Swift Creek Township, Wake County, N. C., containing eighty acres, more or less.  Plaintiffs obligated themselves to deliver to the defendants a good and sufficient deed with full covenants and warranty, to the premises, upon the payment of $2,500.00 on or before 13 November, 1945.  Thereafter defendants notified the plaintiffs that the title to the property is defective and that they would not accept their deed.

Plaintiffs hold title to said property as tenants by the entirety, under a deed from Dr. A. C. West and wife, Olive Pate West, dated 2 October, 1941, which instrument has been duly recorded in the office of the Register of Deeds for Wake County, N. C., and is in the usual form for a fee simple deed with full covenants and warranty, except that immediately following the description of the property there appears the following: "The grantors hereof make this conveyance to the grantees

named above during their natural lifetime then to their bodily heirs to the third generation."

Upon the foregoing facts the court held the rule in *Shelley's case* applies and that plaintiffs are the owners of a fee simple title to said lands and further that the attempted limitation to the bodily heirs of the grantees to the third generation violates the rule against perpetuities. Judgment was entered accordingly; defendants appeal and assign error.

*Albert Doub for plaintiffs.*
*Wilson & Bickett for defendants.*

DENNY, J. The operative provisions of the deed under consideration purport to convey to the plaintiffs a fee simple title to the premises described therein. When real estate is conveyed to any person, the conveyance shall be construed to be in fee simple unless such conveyance in plain words shows the grantor intended to convey an estate of less dignity. G. S., 39-1; *Triplett v. Williams,* 149 N. C., 394, 63 S. E., 79. Moreover, as stated in *Campbell v. Cronly,* 150 N. C., 457, 64 S. E., 213: "When language is used having a clearly defined legal signification, there is no room for construction to ascertain the intent; it must be given its legal meaning and effect." Therefore, the provision inserted in plaintiffs' deed, to wit, "The grantors hereof make this conveyance to the grantees named above during their natural lifetime then to their bodily heirs to the third generation," is not repugnant to the general provisions of the deed. *Bagwell v. Hines,* 187 N. C., 690, 122 S. E., 659. We are not confronted with irreconcilable provisions and the necessity of deciding which is controlling, as was the case in *Wilkins v. Norman,* 139 N. C., 40, 51 S. E., 797; *Boyd v. Campbell,* 192 N. C., 398, 135 S. E., 121, and in many other similar cases. When the words "bodily heirs" or "heirs of the body" are used in a deed or will, and are not so qualified as to indicate that they were used merely as a *descriptio personarum,* they are equivalent to the words "heirs general," *Cohoon v. Upton,* 174 N. C., 88, 93 S. E., 446, and *Jones v. Whichard,* 163 N. C., 241, 79 S. E., 503. The phrase, "to the third generation," which appears in the special provision, is void, being within the rule against perpetuities. Hence the legal meaning and effect of the above provision, under the rule in *Shelley's case,* gave the plaintiffs a fee simple title to the property referred to herein. *Bank v. Snow,* 221 N. C., 14, 18 S. E. (2d), 711; *Whitley v. Arenson,* 219 N. C., 121, 12 S. E. (2d), 906; *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60; *Harrington v. Grimes,* 163 N. C., 76, 79 S. E., 301.

The judgment of the court below is
Affirmed.