LEO M. HAMMER and WIFE, INEZ M. HAMMER, and GENNIE BUNTING, a WIDOW, v. FRED T. BRANTLEY and JOE M. BRANTLEY.

(Filed 2 May, 1956.)

**Wills § 33b—**

Where a will devises lands to the beneficiary "for the term of her natural life and at her death to her heirs," the Rule in *Shelley's case* obtains as a rule of property without regard to the intent of devisor.

JOHNSON, J., not sitting.

APPEAL by defendants from *Crissman, J.,* in Chambers, 19 March 1956, RANDOLPH. Affirmed.

This is a controversy without action relating to the title to real property.

Mary Jane Sluder, in her will probated in 1933, devised 100 acres of her home place, including the buildings, to her daughter Gennie Sluder Bunting, subject to the prior life estate of her husband. The devise was "to be hers for her life time and at her death to her bodily heirs, in fee simple forever." The remainder of the home place was devised to Lessie Hammer, a stepdaughter of testatrix, "for the term of her natural life and at her death to her heirs . . ." Plaintiff Leo M. Hammer

acquired that part of the home place devised to Lessie Hammer prior to 1952.

On 18 September 1952, Gennie Bunting and husband and Leo M. Hammer and wife executed a written agreement partitioning the home place, in which agreement the 100 acres devised to Gennie Bunting were set apart and allotted to her by metes and bounds, and she entered into possession thereof, claiming it as her own. Hammer likewise took possession of his share as a part of his sole and separate estate.

On 18 December 1954, Gennie Bunting and husband conveyed a one-half interest in the land devised to her to plaintiff Leo M. Hammer.

On 5 March 1956, plaintiffs agreed in writing to convey said land in fee to defendants for the sum of $1,609.25, and in due course tendered warranty deed therefor. Defendants declined to accept said deed and pay the agreed purchase price for the reason they were advised plaintiffs, under the terms of the Sluder will, could not convey a good marketable fee simple title to said land. Thereupon the legal question raised was submitted to the court for decision by this controversy without action in which the facts are agreed. The court below held that the tendered deed conveyed a marketable fee simple title and ordered specific performance of the agreement of purchase and sale. Defendants excepted and appealed.

*Hammond & Walker and J. Harvey Luck for plaintiff appellees.*
*Coltrane & Gavin for defendant appellants.*

BARNHILL, C. J. This appeal is not complicated by the indefiniteness of the devise to Gennie Bunting. The bounds of her devise have been settled by the parties by an agreement of partition in which the 100 acres have been set apart to her by metes and bounds.

"It is established by repeated decisions of this Court that the rule in *Shelley's case* is still recognized in this jurisdiction, and where the same obtains it does so as a rule of property without regard to the intent of the grantor or devisor. *Jones v. Whichard,* 163 N.C. 241; *Price v. Griffin,* 150 N.C. 523; *Edgerton v. Aycock,* 123 N.C. 134; *Chamblee v. Broughton,* 120 N.C. 170; *Starnes v. Hill,* 112 N.C. 1; *Bank v. Dortch,* 186 N.C. 510; *Wallace v. Wallace,* 181 N.C. 158; *Hampton v. Griggs,* 184 N.C. 13." *Allen v. Hewitt,* 212 N.C. 367, 193 S.E. 275.

When a devise is to a named person for life with remainder after his death to "his heirs" or "his bodily heirs" or the "heirs of his body," nothing else appearing, the devisee becomes seized of a fee simple estate upon the death of the testator subject to any prior life estate created by the will. It is so provided by statute, G.S. 31-38 and G.S. 41-1, and has been so held by numerous opinions of this Court. The line of cases so

holding is represented by *Chamblee v. Broughton,* 120 N.C. 170; *Bank v. Dortch,* 186 N.C. 510; *Jackson v. Powell,* 225 N.C. 599, 35 S.E. 2d 892; and *Whitson v. Barnett,* 237 N.C. 483, 75 S.E. 2d 391. See also *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341. We could say nothing on this subject which has not already been said which would be helpful to Bench or Bar. Hence an extended discussion of the subject is wholly unnecessary.

*Daniel v. Bass,* 193 N.C. 294, relied on by defendants, is distinguishable. Furthermore, it does not sustain the position of the defendants.

The judgment entered by the court below is

Affirmed.

JOHNSON, J., not sitting.