DONALD MILTON POWELL AND WIFE, THELMA POWELL, CHARLES E. POWELL, BETTIE O. POWELL, REBA PATTERSON, ELLEN MITCHELL, ALMA BEARD AND HUSBAND, JULIAN BEARD v. A. O. ROBERSON, GILBERT SMITH AND I. L. SMITH, JR.

(Filed 18 September, 1957.)

**1. Deeds § 11—**

The heart of a deed is the granting clause, and in the event of repugnancy between the granting clause and the preceding or succeeding recitals, the granting clause will prevail.

**2. Same—**

An effective deed must contain operative words of conveyance.

**3. Deeds § 13b—**

The Rule in Shelley's Case is recognized in this jurisdiction, and, when applicable, it is not only a rule of law, but also a rule of property without regard to the intent of the grantor or devisor.

**4. Same—**

The premises of the deed in question stated that the conveyance was to grantee during her natural life and at her death to her children, but the granting clause and the *habendum* recited that the conveyance was to, grantee during her natural life and then to her heirs. *Held:* The Rule in Shelley's Case is applicable and the grantee took a fee simple.

APPEAL by plaintiffs from *Bone, J.,* May Civil Term 1957 of MARTIN. Civil action to recover land, rents and damages for cutting timber.

Upon the stipulated facts the decision of the court below was properly made to depend upon the construction of a deed executed and delivered by William K. Eborn and A. E. Eborn on 30 July 1908, and of record in the Register of Deeds Office for Martin County in Book SSS, page 444. The parties are designated in the premises as "William K. Eborn and A. E. Eborn of Martin County, and State of North Carolina, of the first part, to Annie G. Powell during her natural life and at her death to her children of Martin County, and State of North Carolina, of the second part." The granting clause is as follows: "W. K. Eborn and A. E. Eborn in consideration of ONE DOLLAR and the love and affection we have for A. G. Powell and her heirs paid by A. G. Powell, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do bargain, sell and convey to said Annie G. Powell during her natural life and then to her heirs and all of tract of parcel of land"—the land is situate in Martin County, North Carolina, and the description is not in dispute. The deed recites a reservation of a life estate to the grantors. The *habendum* clause is To HAVE AND TO HOLD the tract of land "to the said A. G. Powell during her natural life then to her heirs and assigns."

A. E. Eborn was the wife of William K. Eborn, and both are dead. Annie G. Powell died 16 January 1957, and left her surviving six children, who with their spouses are the plaintiffs.

The parties stipulated and agreed "that if the Rule in Shelley's Case is applicable to the limitations to the plaintiffs in this case, then the plaintiffs have no interest in the land and that the defendants own the land in fee simple; and that if the plaintiffs received the remainder under the deed in question, then the cause to be calendared for trial."

Plaintiffs' brief states that the defendants "own whatever interest Annie G. Powell owned in and to said land conveyed in said deed."

The judgment below recites that plaintiffs contend that under the deed Annie G. Powell took only a life estate, and that the defendants contend that under the deed Annie G. Powell was granted a fee simple title, and that the parties agreed that judgment should be entered according to the opinion of the court as to the proper construction of the deed.

The trial court adjudged that under the Rule in Shelley's Case the deed conveyed to Annie G. Powell a fee simple title, that the plaintiffs have no interest in the land, and that the defendants own the land in fee simple.

Plaintiffs appeal.

*Critcher & Gurganus for Plaintiffs, Appellants.*
*Paul D. Roberson for Defendants, Appellees.*

PARKER, J.  In *Martin v. Knowles*, 195 N.C. 427, 142 S.E. 313, the deed designated the parties in the premises as "Albert D. Dail and his wife, Lucy W. Dail, parties of the first part, and Sallie Jane Martin and her children, parties of the second part." The granting clause conveys "unto said party of the second part a life estate therein, and then to her heirs, executors, administrators and assigns, a certain tract of land." The deed recites "it is the purpose of this deed to convey the above tract of land to Sallie Jane Martin during her lifetime, then to her heirs in fee simple, forever." The *habendum* clause is "to the said parties of the second part, their heirs and assigns." This Court held that, under the Rule in Shelley's Case, the deed conveyed to Sallie Jane Martin a fee simple estate to the land described in the deed.

In *Mayberry v. Grimsley*, 208 N.C. 64, 179 S.E. 7, the deed, according to the premises, was made "to Nonnie A. Mayberry and her children," the granting clause conveyed the property "to said Nonnie A. Mayberry, her heirs and assigns" and the *habendum* clause is "To have and to hold . . . to the said Nonnie A. Mayberry, her heirs and assigns." This Court held that the deed conveyed the estate to Nonnie A. Mayberry in fee.

The heart of a deed is the granting clause. *Griffin v. Springer,* 244 N.C. 95, 92 S.E. 2d 682; *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 288; *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157; 16 Am. Jur., Deeds, page 567. An effective deed must contain operative words of conveyance. *Griffin v. Springer, supra; Pope v. Burgess,* 230 N.C. 323, 53 S.E. 2d 159; *Waller v. Brown,* 197 N.C. 508, 149 S.E. 687.

This Court said in *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624: "In the event of any repugnancy between the granting clause and preceding or succeeding recitals, the granting clause will prevail. *Williams v. Williams,* 175 N.C. 160, 95 S.E. 157; 16 A.J. 575." To the same effect see also: *Dull v. Dull,* 232 N.C. 482, 61 S.E. 2d 255; *Artis v. Artis, supra.*

The "children" appear only in the introductory recitals of the deed, giving the names of the parties, while the operative words of conveyance, as contained in the granting clause convey the tract of land "to said Annie G. Powell during her natural life and then to her heirs." The *habendum* clause is in harmony with the granting clause. This Court by repeated decisions has held that the Rule in Shelley's Case is still recognized in this jurisdiction, and when applicable, it is not only a rule of law, but also a rule of property, without regard to the intent of the grantor or devisor. *Hammer v. Brantley,* 244 N.C. 71, 92 S.E. 2d 424; *Edwards v. Faulkner,* 215 N.C. 586, 2 S.E. 2d 703.

It is manifest, we think, viewing the deed in its entirety, that, under the Rule in Shelley's Case, the deed here conveyed to Annie G. Powell a fee simple estate to the land described therein. The deed conveys nothing to the children of Annie G. Powell. *Artis v. Artis, supra; Ingram v. Easley, supra; Mayberry v. Grimsley, supra; Martin v. Knowles, supra.*

We agree with the decision below.

Affirmed.