IN THE MATTER OF BEECHER P. CHAPPELL, GUARDIAN OF BESSIE CHAP-
PELL, INCOMPETENT v. BEECHER P. CHAPPELL, INDIVIDUALLY; OSCAR
CHAPPELL; EVA CHAPPELL STOUT; ESTELLE CHAPPELL COL-
LIER; NOVELLA CHAPPELL WARD; BURRUS CHAPPELL, JR.,
MINOR; ERAS CHAPPELL; URCELL CHAPPELL; MARGARET CHAP-
PELL WARD AND THEOTIS P. LOWRY AND GLADYS CHAPPELL
WARREN.

(Filed 19 December 1963.)

**1. Wills § 31—**

The word "loan" when used in the dispositive provisions of a will is to
be construed as "give" or "devise" unless it is manifest that the testator
intended otherwise.

**2. Wills § 32—**

Where the language attracts the Rule in *Shelley's* Case the Rule applies
as a rule of property without regard to the intent of testator.

**3. Same—**

The words "nearest heirs" means simply "heirs" and the words do not
take the case out of the Rule in *Shelley's* Case.

**4. Same—**

Provisions of a will that "I loan" to testator's son "his lifetime and
then to his widow her lifetime or during her widowhood and then to the
nearest heirs," devise the son a life estate in possession with a fee simple
in expectancy under the Rule in *Shelley's* Case, and upon the death of the
son, the heirs of the son own the land in fee subject to the life estate of
the son's widow.

APPEAL by petitioner Beecher P. Chappell and the respondents Eras
Chappell, Urcell Chappell, Margaret Chappell Ward, and Gladys
Chappell Warren, from *Morris, J.,* September Session 1963 of CHOWAN.

This is a proceeding instituted by petitioner Beecher P. Chappell,
guardian of Bessie Chappell, incompetent, to obtain an order for the
sale of a tract of land allegedly owned by his ward in fee simple.

The pertinent facts found by the court below, in summary, are as
follows:

That, John S. Chappell died leaving a last will and testament dated
24 January 1910, and the same was duly and properly admitted to pro-
bate in the office of the Clerk of the Superior Court of Chowan County
on 15 April 1912. Item Three of the said testator's will reads as fol-
lows:

"I loan to John S. Chappell, Jr., my homeplace where I now live
containing 91 acres more or less to him his lifetime and then to his
widow her lifetime or during her widowhood then to the nearest heirs,

with the privilege of cutting and using any timber necessary for his own use on the farm, and buildings, and not to sell any except the dead timber. I give him all the farming implements and remainder of the Household & Kitchen Furniture, and what corn & other feed & meat that may be on hand at the time of my death and Two Hundred Dollars ($200) in cash";

That, Bessie Chappell, incompetent, is the surviving widow of the said John S. Chappell, Jr., and is the widow referred to within the meaning of Item Three of the aforementioned will;

That, title to the tract of land described in the petition, and being the same tract of land devised under Item Three of the will of John S. Chappell, said will being offered in evidence by petitioner and being attached to the petition and by reference made a part thereof, is dependent upon the construction of Item Three of said will; and

That, all persons whose interest may be affected by this proceeding have been made parties thereto, have been duly served, and the court has jurisdiction over said parties and over the subject matter of this proceeding.

John S. Chappell, testator of the aforesaid will, died leaving three children surviving him, namely, John S. Chappell, Jr., Charlie Clifton Chappell and Sarah L. Chappell Lowry. The other children of John S. Chappell, testator, predeceased him and left no surviving issue. The three children who survived said testator have been dead for many years.

Bessie Chappell, who is 71 years of age, has been adjudged incompetent from want of understanding to manage her affairs by reason of mental and physical weakness on account of old age and disease, and Beecher P. Chappell has been appointed guardian of said incompetent.

The children of said John S. Chappell, Jr., and Bessie Chappell, and the descendant of the deceased child, are as follows: Beecher P. Chappell (guardian for Bessie Chappell, incompetent), Oscar Chappell, Eva Chappell Stout, Estelle Chappell Collier, Novella Chappell Ward, and Burrus Chappell who is dead and left surviving him one child, Burrus Chappell, Jr. who is now 13 years of age and is represented in this proceeding by a guardian ad litem; Charlie Clifton Chappell who died leaving four children surviving him, as follows: Eras Chappell, Urcell Chappell, Margaret Chappell Ward, and Gladys Chappell Warren; and the said Sarah L. Chappell Lowry who died leaving one child, namely, Theotis F. Lowry.

A trial by jury was expressly waived and at the close of the hearing and after the judgment was signed it was agreed and stipulated that "each and every finding of fact appearing in the * * * judgment of

Morris, J., is fully supported by competent evidence offered and admitted during the trial of this cause * * *."

There is no suggestion on the part of the petitioner, appellant, that Bessie Chappell is entitled to take any interest in the lands involved herein pursuant to the provisions of Chapter 879 of the 1959 Session Laws, codified as G.S. 29-1, et seq.

In construing Item Three of the last will and testament of John S. Chappell, the court below held that, "(1) * * * the words, 'The nearest heirs,' appearing in Item Third of said will, were intended by the testator to mean the nearest heirs of John S. Chappell, Jr., and therefore the rule in *Shelley's* case applies so as to give the said John S. Chappell, Jr. fee simple title to said tract of land, subject only to the intervening estate of his widow, Bessie Chappell, for her lifetime or widowhood. (2) Bessie Chappell, incompetent, does not have fee simple title to said tract of land."

Judgment was entered accordingly, and the petitioner and the respondents, except the surviving heirs of John S. Chappell, Jr., appeal, assigning error.

*Aydlett & White for petitioner appellant.*
*LeRoy, Wells & Shaw for respondent appellants.*
*W. J. P. Earnhardt, Jr., guardian ad litem for Burrus Chappell, Jr.*
*Philip P. Godwin for respondent appellees.*

DENNY, C.J.  The question posed for decision is whether or not the words "to the nearest heirs" as they appear in Item Three of the will of John S. Chappell bring this devise within the rule in *Shelley's* case.

In the case of *Allen v. Hewitt*, 212 N.C. 367, 193 S.E. 275, this Court said: "The terms 'loan' and 'lend' when used in a will are given the interpretation of the words 'give' and 'devise' unless it is manifest that the testator intended otherwise. *Sessoms v. Sessoms*, 144 N.C. 121 (56 S.E. 687), citing *Cox v. Marks*, 27 N.C. 361; *King v. Utley*, 85 N.C. 59; *Robeson v. Moore*, 168 N.C. 388 (84 S.E. 351, L.R.A. 1915D 496); *Waller v. Brown*, 197 N.C. 508 (149 S.E. 687). * * *

"It is established by repeated decisions of this Court that the rule in *Shelley's* case is still recognized in this jurisdiction, and where the same obtains it does so as a rule of property without regard to the intent of the grantor or devisor. (Citations omitted.)" See *Hammer v. Brantley*, 244 N.C. 71, 92 S.E. 2d 424, and Strong's North Carolina Index, Volume 4, Section 32, page 513.

Likewise, in *Crisp v. Biggs*, 176 N.C. 1, 96 S.E. 662, Jesse Mizelle devised the tract of land in question to his son, Hardy Mizelle, "to have

and to hold in fee simple all the days of his life, then it shall descend to his nearest heirs." The question to be determined was whether the devise to Hardy Mizelle was in fee simple under the rule in *Shelley's* case. Clark, C.J., speaking for the Court, said: "The rule in *Shelley's* case was first stated, 1 Coke, 104, in 1581, and is as follows: "When an ancestor, by any gift or conveyance, taketh an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs in fee or in tail, the word *heirs* is a word of limitation of the estate, and not a word of purchase.' * * *

"The words, 'nearest heirs,' mean simply 'heirs,' and do not take this case out of the rule." *Cox v. Heath,* 198 N.C. 503, 152 S.E. 388.

Also, in the case of *Ratley v. Oliver,* 229 N.C. 120, 47 S.E. 2d 703, the devise was to W. A. Ratley "for his natural life, and at his death to his nearest heirs." The Court said: "And the principle seems to have been established by the adjudications of this Court that the words 'nearest heirs,' standing alone, should be understood in their technical sense as denoting an indefinite succession of lineal descendants who are to take by inheritance * * *, and that the rule in *Shelley's* case applies as a rule of law and of property, vesting fee simple title in the first taker."

In *Rose v. Rose,* 219 N.C. 20, 12 S.E. 2d 688, the devise was as follows: "I give and bequeath to my son, W. W. Rose, the Pierce place where he now lives * * * his lifetime, then to his wife, Sarah, her lifetime or widowhood but in case said W. W. Rose have any heirs said land go to said heirs." Stacy, C.J., speaking for the Court, said: "Reduced to its simplest terms, the devise in question is one to W. W. Rose for life, remainder to his wife Sarah for life, remainder to his heirs. *Rowland v. Building & Loan Assn.,* 211 N.C. 456, 190 S.E. 719. This under the rule in *Shelley's* case gives to W. W. Rose an estate for life in possession, with a fee simple in expectancy. *Hileman v. Bouslaugh,* 13 Pa. St. 344. He may deal with the property as full owner and convey it, subject only to the intervening life estate and its incidents. *Welch v. Gibson, supra* (193 N.C. 684, 138 S.E. 25) ; *Smith v. Smith,* 173 N.C. 124, 91 S.E. 721; *Cotten v. Moseley,* 159 N.C. 1, 74 S.E. 454. As the intervening life estate is at an end, he may convey it absolutely and in fee simple."

In *Smith v. Smith,* 173 N.C. 124, 91 S.E. 721, the devise was to testator's son, "to have during his life, at his death to his bodily heirs and to his wife her lifetime or widowhood." The Court held in this case that the son took a fee simple title to the devised land subject only to the life estate of his wife, or until she remarried, and that the precedent life estate in her did not affect the operation of the rule in *Shelley's* case insofar as the heirs were concerned.

In light of our decisions, we hold that the heirs of John S. Chappell, Jr., are the owners in fee simple of the tract of land devised in Item Three of the will of John S. Chappell, subject to the life estate of Bessie Chappell.

The judgment of the court below is, in all respects,
Affirmed.