C. C. HARRINGTON v. ALSTON GRIMES.

(Filed 17 September, 1913.)

**Estates—Deeds and Conveyances—"Bodily Heirs"—Interpretation of Statutes.**

> An estate to B. "and his bodily heirs," under the old law would have conferred a fee tail, which, under our statute, where a contrary intent may not be gathered from the instrument construed as a whole, is converted into a fee simple. Revisal, sec. 1578. Cases in which the words "bodily heirs" used in a conveyance are held to be *descriptio personarum*, conveying to them an estate in remainder and as purchasers from the grantor, cited and distinguished.

APPEAL from CHATHAM by defendants, from *Bragaw, J.*

On the hearing it appeared that plaintiff, having contracted to sell defendant a certain tract of land for the sum of $2,500, said defendant declined to carry out the agreement, alleging that the title offered was defective. The plaintiff held the land by deed from T. T. Buckner and wife, N. J. Buckner, and N. J. Buckner had acquired the same under a deed from Willis Byrd and wife to said N. J. Buckner; this deed being in terms as follows:

"This deed, made this the 22d day of June, 1904, by Willis Byrd and wife, Lucy Byrd, of Chatham County and State of North Carolina, of the first part, to N. J. Buckner and her bodily heirs, of Chatham County and State of North Carolina, of the second part:

"Witnesseth, That said Willis Byrd, and wife, Lucy Byrd, in consideration of $100 to them paid by N. J. Buckner, the receipt of which is hereby acknowledged, have bargained and sold and by these presents do hereby bargain, sell, and convey to said N. J. Buckner and her bodily (heirs) a certain tract or parcel of land in Chatham County, State of North Carolina, adjoining the lands of R. J. Yates, T. L. Lasater heirs, and others, bounded as follows: Beginning at the fork of the Pittsboro and Mill Road, running with said Mill Road west 24 chains and 50 links to a stake and pointers, Lasater and Yates corner; thence with

Yates' line north 2 east 28 chains to the county gate on the Pittsboro Road, thence down the said road 39 chains to the beginning, containing (40) forty acres, more or less:

"To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging to the said N. J. Buckner and her bodily heirs and assigns, to their only use and behoof forever.

"And the said Willis Byrd and wife, Lucy Byrd, covenant with the said N. J. Buckner and her bodily heirs and assigns that they are seized of said premises in fee, and have right to convey the same in fee simple; that the same are free and clear from any and all encumbrances, and that they will warrant and defend the said title to the same against the claims of all persons whomsoever," etc.

The defendant, insisting that the deed in question only conveyed to N. J. Buckner a life estate in the property, declined to accept the title offered or to pay for same.

The court below, being of opinion that the deed conveyed to plaintiff a fee simple, judgment was entered for plaintiff, and defendant excepted and appealed.

*Hayes & Bynum for plaintiff.*
*Ward & Grimes for defendant.*

HOKE, J., after stating the case: Under the old law, the deed in question would have conveyed to N. J. Buckner an estate in fee tail, converted by our statute into a fee simple (Revisal, sec. 1578), and his Honor correctly ruled that plaintiff could make a good title. Decisions in support of this construction of the deed will be found in *Perrett v. Bird,* 152 N. C., 220; *Sessoms v. Sessoms,* 144 N. C., 121; *Jones v. Ragsdale,* 141 N. C., 200; *Whitfield v. Garris,* 134 N. C., 24, and many others could be cited. The well considered cases of *Acker v. Pridgen,* 158 N. C., 337, and *Puckett v. Morgan,* 158 N. C., 344, cited and relied upon by defendant, in no way militate against this position.

In those cases it was held that, on a perusal of the entire instrument and by reason of the language in which same was ex-

pressed, a deed in the one case and a will in the other, it plainly appeared to be the intent of the grantor to convey only a life estate to the first taker, and that the words "bodily heirs" and "heirs of the body" did not refer to these persons as inheritors of such taker, but were used only as a *descriptio personarum*, carrying to them an estate in remainder and as purchasers from the grantor. But no such intent can be gathered from this instrument, nor does it contain any words or expressions to qualify or affect the ordinary· meaning of the words "*bodily heirs*" in connection with· the estate limited to N. J. Buckner, and the deed, as stated, has been properly held to convey to such grantee an estate in fee simple.

There is no error, and the judgment of the Superior Court is Affirmed. ·