## E. A. DANIEL, JR., v. MARTHA A. HARRISON.

(Filed 20 February, 1918.)

**Wills—Estates—Bodily Heirs—Rule in Shelley's Case.**

> The donor in a conveyance of land reserved a life estate in himself, then to D. "during his natural life and then to the lawfully begotten heirs of said D.'s body, and to F. (wife of D.) during her widowhood"; *Held*, the use of the words heirs of D.'s body were not *descriptio personarium* so as to indicate his children, and D. takes the fee simple, under the Rule in *Shelley's case*, after the falling in of the preceding particular estates.

CONTROVERSY without action submitted to *Bond, J.,* at December Term, 1917, of BEAUFORT.

From the judgment rendered defendant appealed.

*E. A. Daniel, Jr., for Plaintiff.*
*Small, MacLean, Bragaw & Rodman for defendant.*

BROWN, J. The purpose of this proceeding is to determine the title to a tract of land which the plaintiff contracted to sell to defendant. The defendant declined to accept the deed and to pay the purchase money, alleging that the plaintiff could not convey an estate in fee.

The defendant's contention is based upon the language in a deed from Elizabeth Robbins to C. M. Daw, constituting a link in plaintiff's chain of title. The case agreed is as follows:

"The land was conveyed by the said Elizabeth Robbins, by deed dated 3 March, 1909, unto the said C. M. Daw, 'during his natural life, and then to the lawfully begotten heirs of the said C. M. Daw's body, and also to Fannie A. Daw (wife of C. M. Daw) during her widowhood,' reserving to Elizabeth Robbins a life estate, and the words quoted occur in the premises of the deed, and in the habendum, the words used are 'to C. M. Daw during his natural life, then to the lawful begotten heirs of the said C. M. Daw's body and also to Fannie A. Daw during her widowhood.' Elizabeth Robbins is now dead and C. M. Daw and wife, Fannie A. Daw, are both living and have children."

It is scarcely necessary to discuss the merits of this controversy, as this Court has so often and so recently held that the words of the deed to Daw convey a fee simple estate.

We content ourselves with citing a few of the adjudications bearing on the subject. "To my grandson during the term of his natural life, then to the lawful heirs of his body, in fee; on failing of said lawful heirs of his body, then to his right heirs in fee," was held to pass a fee simple to the grandson, *Tyson v. Sinclair,* 138 N. C., 23; "To A the use and benefit and profit during his natural life and to the lawful heirs of his body after his death," held to pass a fee simple, *Perry v. Hackney,*

142 N. C., 368; "To P during her natural life, and after her death to the begotten heirs of her body," held to pass fee, *Leathers v. Grey,* 101 N. C., 162; "To A for life and at his death his surviving heirs," held to pass fee simple, *Price v. Griffin,* 150 N. C., 523; "To S. and the lawful heirs of his body forever," held to pass fee, *Sessoms v. Sessoms,* 144 N. C., 121; "To one during his natural life and at his death to his bodily heirs," conveys a fee, *Chamberlee v. Broughton,* 120 N. C., 171; "To A, and if he marries and has a lawful heir, they have this land," held to pass fee, Ex Parte Cooper, 136 N. C., 130; "To husband and wife during their natural lives, afterwards to wife's heirs forever," conveys fee to wife subject to life estate of husband, *Cotton v. Mosely,* 159 N. C., 1. *Harrington v. Grimes,* 163 N. C., 76.

The latest decision is *Smith v. Smith,* 173 N. C., 124, construing the will of Joshua Smith containing this clause: "I loan to my son D. L. Smith two tracts of land to have during his life, at his death to his bodily heirs and to his wife her lifetime or widowhood," etc. The language of the will was held to pass a fee. This case appears to be on "all fours" with the case at bar.

There are cases where the words "bodily heirs" or "heirs of the body" have been held to mean children. It will be found in those cases that the context of the instrument construed plainly indicated that the words were used as *descriptio personarium* merely indicated a purpose to limit the estate to the children rather than to the heirs generally. In such case the Rule in *Shelley's case* does not apply.

Affirmed.

CLARK, C. J., did not sit on the hearing of this case.