H. H. RADFORD AND WIFE v. W. P. ROSE ET ALS.

(Filed 1 October, 1919.)

**1. Wills—Interpretation—Conflicting Clauses.**

A will should be construed as a whole to effectuate the intent of the testator and to reconcile apparently conflicting provisions.

**2. Same—Estates for Life—Contingent Limitations—Children—Defeasible Fee—Grandchildren—Deferred Possession.**

A devise for life to testator's named children and to their "heirs," in the sense of children, if they have any to attain the age of twenty-one, would, alone and disconnected from other parts of the will showing a contrary intent, deprive the grandchildren of all interest under the will unless they should attain the designated age; but with further provision, should the testator's children have no "bodily heirs" the estate should go to the testator's "family," and "should they have an heir at my death not under twenty-one years of age, the said heir shall be in possession" at that age: *Held,* the law favoring an early vesting of estates, and noting among other things the expression used, "have no bodily heirs," instead of "dying without bodily heirs," will construe the testator's intent that his children take a fee simple estate defeasible upon their dying without having had children, but postponing the possession of minor children born to them until they should reach the age designated.

**3. Wills—Devise—"Loan."**

A "loan" of land to the testator's children for life, with contingent limitation over, is construed as "give or devise."

**4. Wills—Estates for Life—Heirs—Rule in Shelley's Case.**

Construed alone, a devise to the testator's child for life and then to her heirs conveys a fee under the rule in Shelley's case.

**5. Same—Limitations—Contingency—Same Line of Descent.**

A devise to the testator's daughter for life and to the testator's family, should the daughter have no children, does not carry the estate to a

different line of descent upon the happening of the contingency, and *Puckett v. Morgan*, 158 N. C., 344, and *Jones v. Whichard*, 163 N. C., 244, cited and distinguished.

APPEAL by defendants from *Kerr, J.,* at April Term, 1919, of JOHNSTON.

This is an action to recover $2,900, the balance due on the purchase money of a tract of land.

The defendant admitted the indebtedness but alleged that the title to the land was defective, and the plaintiff agreed in the pleading to a cancellation of the contract of purchase if the title was not good.

The feme plaintiff, Mrs. H. H. Radford, derived her title under the will of her father, Henry C. Rose, the material parts of which are as follows: "Home tract of land to be equally divided by number of acres between W. D. Rose, L. T. Rose, W. P. Rose and my daughter, Mrs. H. H. Radford. I loan to them their lifetime and then to their heirs, provided they have any that have attained the age of twenty-one years, but should they, my children, have no bodily heirs, the property shall go back to the Rose family. Should they have an heir at their death not twenty-one years of age, that the said heir shall be in possession at the age of twenty-one years of its share of the estate."

His Honor held and rendered judgment accordingly, that the plaintiff's deed conveyed a title in fee to the defendant, and the defendant excepted and appealed.

*Wellons & Wellons attorneys for plaintiffs.*
*James D. Parker attorney for defendants.*

ALLEN, J. It is well at the outset to determine the true meaning and legal effect of the clause in the will "Provided they have any that have attained the age of twenty-one years."

If this is dealt with literally and without association with the other parts of the will it will operate as a limitation upon the estate devised to the children of the testator, and will deprive them of any interest in the estate of their father under the will, unless children are born who reach the age of twenty-one years.

That this was not the intent of the testator is shown by the whole scope of the will, from which it appears that his children were the primary objects of his bounty, and that the will was made for their benefit, and after the devise to them the limitation over is not if they die leaving no bodily heirs, but "should they *have* no bodily heirs," then to the Rose family, indicating a purpose for them to have the property if children were born although they did not live to be twenty-one.

19—178

The next provision of the will throws much light on the question—"Should they have an heir at their death not twenty-one years of age, that the said heir shall be in possession at the age of twenty-one years of its share of the estate."

This can only mean that if the plaintiff died leaving a child under twenty-one the child would take, but his right to possession would be postponed, which is entirely inconsistent with the construction that the estate of the plaintiff would be defeated and would go to the Rose family if she had no child to reach twenty-one.

It is the duty of the court to consider the will as a whole and to reconcile apparently conflicting provisions (*Dunn v. Hines,* 164 N. C., 113), and when this is done the proviso cannot be held to be a limitation on the estate of the plaintiff but as having the effect of postponing the right of enjoyment by the heirs, and so understood, the will should read, "I loan to them their lifetime and then to their heirs, but should they have no bodily heirs the property shall go back to the Rose family, provided heirs under the age of twenty-one shall not take possession until they reach that age."

Under this construction what estate does the plaintiff take?

"Loan," in the connection in which it is used, means the same as "give or devise" (*Smith v. Smith,* 173 N. C., 124), and a devise "to them their lifetime and then to their heirs," under all the authorities, standing alone, would pass an estate in fee under the rule in Shelley's case. *Daniel v. Harrison,* 175 N. C., 120, and cases cited.

The subsequent provision, "But should they have no bodily heirs," has however the effect of making this fee simple estate defeasible, but only upon condition that they have no bodily heirs. *Whitfield v. Garris,* 134 N. C., 24; *Maynard v. Sears,* 157 N. C., 4.

Note that the language is not "dying without bodily heirs" or "leaving no bodily heirs," but that they *"have* no bodily heirs," a condition fully met by the fact that the plaintiff has three bodily heirs, to wit, three living children.

The facts and principle involved in *Dunn v. Hines, supra,* sustain this interpretation as well as the rules of construction stated therein, as follows: "The first taker in a will is presumably the favorite of the testator. *Rowalt v. Ulrich,* 23 Pa., 388; Appeal by McFarland, 37 *ib.,* 300. And in doubtful cases the gift is to be construed so as to make it as effectual to him as possible or as the language will warrant. *Wilson v. McKeethan,* 53 *ib.,* 70. And, too, the law favors the early vesting of an estate, to the end that property may be kept in the channels of commerce. Underhill on Wills, sec. 861; *Hilliard v. Kearney,* 45 N. C., 221; *Galloway v. Carter,* 100 N. C., 111, and cases there cited."

We therefore conclude that the plaintiff took a defeasible fee under the will of her father, which became absolute upon the birth of children.

The case of *Tyson v. Sinclair,* 138 N. C., 24, is almost directly in point, except it is stronger for the plaintiff's position, in that the having bodily heirs was at the death of the first taker while here it is having no bodily heirs.

In that case the devise was to Thomas B. Tyson "during the term of his natural life, then to the lawful heirs of his body in fee simple, on failing of such lawful heirs of his body, then to his right heirs," and it was held that Thomas B. Tyson took an estate in fee as the limitation to the right heirs over did not change the course of descent, and this is true of the will before us because the plaintiff, being a Rose, if she died without having had children, her heirs and the heirs of her father, the testator, would be the Rose family.

And this fact—that the Rose family would be the heirs of the plaintiff if she had no. children—marks the distinction between this case and *Puckett v. Morgan,* 158 N. C., 344, and *Jones v. Whichard,* 163 N. C., 244, both of these cases being decided upon the principle that the language of the ulterior limitation carried the estate to a different line of descent and was sufficient, when read with the other parts of the will, to show that the words "bodily heirs" were used as a description of the person and not to denote a class who were to take in succession, and therefore that the rule in Shelley's case did not apply.

*Sessoms v. Sessoms,* 144 N. C., 121, is also an authority for the position of the plaintiff.

Affirmed.