## B. R. FIELDS v. R. LeROY ROLLINS.

(Filed 10 October, 1923.)

**Estates—Rule in Shelley's Case—Wills—Devise—Heirs—Children.**

A devise to the testator's two sons for the term of their natural lives, and, at the death of either of them, to their heirs, if any, and if at their death they leave no heirs of their body, then the lands to go to their nearest relatives, respectively: *Held,* the use of the words "heirs or heirs of the body of the first takers," the two sons, is not to be taken in the sense of words of general inheritance under our canons of descent, but

are construed in the sense of children, to whom the estate was limited in remainder, and the rule in *Shelley's case* does not apply; and *Held*, further, the words "nearest relatives of my two sons" are construed as their next of kin, carrying the estate to a restricted class of heirs of the first taker, taking them without the rule in *Shelley's case*, and the two sons taking only a life estate, cannot make a valid conveyance of the fee-simple.

APPEAL by plaintiff from *Grady, J.,* at June Term, 1923, of GREENE.

Civil action. It appears from the record that plaintiff had contracted to sell and convey to defendant a piece of real estate devised to him under the will of his father, W. R. Fields, and make a good title thereto, for the sum of $5,000, and defendant, admitting the contract, declines to pay on the ground that under said will plaintiff only takes a life estate and that the title offered is not a good one. The court being of opinion that the plaintiff had only a life estate, it was adjudged that defendant go without day, etc. Plaintiff excepted and appealed.

*Skinner & Whedbee for plaintiff.*
*Corey & Worthington for defendant.*

HOKE, J. From the facts as stated in the case agreed, it appears that the piece of land in question is that devised to plaintiff under the will of his father, W. R. Fields, and the title offered is dependent on the proper construction of a clause of said will as follows: "To my sons, G. L. Fields and B. R. Fields, I loan for the term of their natural lives, respectively, a certain tract or parcel of land lying and being in Speight's Bridge Township, Greene County, North Carolina, and known as the Bennett Fields' Homestead, containing two hundred and ten (210) acres, more or less, and adjoining the lands of Z. S. Smith, M. L. Walston, Dr. A. West, I. F. Smith, Ida Burch, Etta Mewborn and S. G. Fields, the same to be equally divided in value between my said sons, G. L. Fields and B. R. Fields. I desire that my son, G. L. Fields, shall have the west side of the said tract, beginning at the James Beaman line, and running to the run of the Lightwood Knot Swamp, and that my said son, B. R. Fields, have the east side of the tract, the same being the old homestead. My desire is that the said lands are to be loaned to my said sons, G. L. Fields and B. R. Fields, respectively, for the term of their natural lives, and at the death of either of them, to go to their heirs, if any, and if at their death they leave no heirs of their body, then said land shall go to the nearest relatives of my said sons, respectively."

In 1st Coke Rep., 104, the rule in *Shelley's case* is given as follows: "That when an ancestor by any gift or conveyance taketh an estate of

freehold and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs in fee or in tail, the words 'heirs' is a word of limitation of the estate and not a word of purchase," and in several of our recent decisions on the subject it is held that in order to a "proper application of the rule, the word 'heirs' or 'heirs of the body' must be taken in their technical sense, carrying the estate to the entire line of heirs, and at this time and in this jurisdiction to hold as inheritors under our canons of descent, and if it appears by correct construction that these words are not used in that sense, but only as words designating certain persons or confining the inheritance to a restricted class of heirs, the rule does not apply, and the ancestor or first taker will be held to have acquired a life estate according to the express words of the instrument." *Hampton v. Griggs,* 184 N. C., 13; *Wallace v. Wallace,* 181 N. C., 158-161; *Pugh v. Allen,* 179 N. C., 307; *Puckett v. Morgan,* 158 N. C., 344; *May v. Lewis,* 132 N. C., 115. And in determining this question, the cases hold further that when there is a limitation over to a restricted class of heirs of the first taker, on his death without heirs or heirs of his body, this of itself will show that the words in the first instance were not used or intended as words of general inheritance under our canons of descent, but must be taken and construed to mean issue in the sense of children or grandchildren.

Applying the principles stated and as pertinent to our present inquiry, it was ruled in the case of *Wallace v. Wallace, supra,* as follows:

"In order to an application of the rule in *Shelley's case,* appreciation of the words 'heirs' or 'heirs of the body' must be taken in their technical sense, or carry the estate to the entire line of heirs to hold as inheritors under our canons of descent; but should these words be used as only designating certain persons, or confining the inheritance to a restricted class of heirs, the rule does not apply, and the ancestor or the first taker acquires only a life estate according to the meaning of the express words of the instrument.

"The limitation to W. for life, and after his death to his heirs, if any, in fee simple, and on failure thereof to his next of kin, the word 'heirs' is not used in the sense of general inheritors of the estate, but in the sense of issue or children, and in such case W. takes an estate for life, and the rule in *Shelley's case* does not apply.

"In a limitation to one for life, with remainder to his bodily heirs, in any, and on failure thereof to his 'next of kin,' the use of the words 'bodily heirs' is to be taken in the sense of issue or children; and on the death of the life tenant without such issue or children, the takers, under the term 'next of kin,' are the nearest blood kin to the exclusion of relationship by marriage, and also of the principle of representation, unless controlling expressions in the instrument show a contrary intent."

The words "nearest relatives of my said sons respectively" are the equivalent of the words "next of kin" in the *Wallace case,* and carrying the estate as shown in that decision to a restricted class of heirs of the first taker, the rule in *Shelley's case* does not apply.

The sons, therefore, having only a life estate, plaintiff is not in a position to make a good title, as his Honor ruled, and his judgment that defendant go without day is

Affirmed.