SIDDIE McCOY COX AND LIZZIE A. DOUGHERTY v. J. E. HEATH ET AL.

(Filed 19 March, 1930.)

**Wills E f—Devise to "nearest heirs" carries estate to living sisters and to children of deceased brothers per stirpes.**

Where a testator at the time of making a will has a brother and two sisters living and one brother dead, and the surviving brother predeceases the testator, and the will devises the testator's lands, after a life estate, to his "nearest heirs," these words will be construed to devise the remainder to all of his heirs as ascertained by the canons of descent, and the children of the deceased brothers are entitled to share in the estate *per stirpes.*

APPEAL by plaintiffs from *Barnhill, J.,* 16 January, 1930, at Chambers at Rocky Mount. From CRAVEN. Affirmed.

Controversy without action. It is agreed:

"1. That E. H. Heath died 14 November, 1921, a resident of Craven County, North Carolina, leaving a last will and testament in words and figures as follows:

'I, E. H. Heath, do make and publish this my last will and testament, hereby revoking all former wills by me made. I bequeath all my personal property whatsoever the same may be, to my wife, Lydia E. Heath, for her maintenance and until her death, then what is left of the property unexpended I give to my nearest heirs. Also I devise all my real estate whatsoever the same may be, to my wife, Lydia E. Heath, until her death, then I give it to my nearest heirs.

'I appoint my said wife the executrix of this my last will and testament. My will is that my said wife shall not be required to give any bond or security to the judge of probate for the execution of the duties of executrix.

'In witness whereof, I have hereunto set my hand and seal, this 20 January, 1917.　E. H. Heath.'

2. That said will was filed for probate on 16 November, 1921, and recorded in Book of Wills 'I,' page 198, in the office of the clerk of the Superior Court of Craven County.

3. That the widow and life tenant, Lydia E. Heath, died on 6 May, 1929.

4. That the property referred to in the will is situated in Craven County, North Carolina.

5. That at all times prior to his death, the said E. H. Heath was on equally friendly terms with the parties to this controversy, and while living with the parents of his nieces and nephews.

6. That Siddie McCoy Cox, age 64, and Lizzie A. Dougherty, age 74, are sisters of E. H. Heath, the testator.

7. That Edmond B. Heath, brother of the testator, died 28 June, 1898, leaving surviving him the following children: C. F. Heath, J. E. Heath, D. S. Heath, G. J. Heath, J. A. Heath, Fronie Heath, who married Fred Ipock; Damie Heath, who married Clarence Wayne; Macie Heath, who married Horace Clark; Lillie Heath, who married C. H. Riggs; Mollie Heath, who married Ernest Glover; W. E. Heath, who died since the testator, leaving his widow, Ada Heath and one minor child, Artha Heath, and one child named Verla Heath, who is mentally incapable of transacting business, who appear in this action by their next friend, Ada Heath; Arden Heath, who died leaving surviving him his widow, Dora Heath, and one minor child, Ida Belle Heath, who appears in this action by her next friend, Dora Gaskins.

8. That Fred Heath died 5 June, 1919, leaving surviving him the following children: Janie Heath, who married Harman Wilson; Rosa Heath, who married Herbert McCoy, said McCoy being now dead; Bertha Heath, who married Edward Turnage; Jackson Heath, Clyde Heath, Fred Heath, Roy Heath; that said Fred Heath, brother of the testator, was predeceased by his daughter, Susan Mary Heath, who married Luke Jones, and the said Susan Mary Jones left surviving her, her husband, Luke Jones, her son Clarence Jones, and a son by a former marriage, George Charlton.

9. The widow and life tenant, prior to her death, consumed all the personal property and this controversy only concerns the proper construction of the will as same affects the real estate.

10. The named plaintiffs, sisters of the testator, E. H. Heath, contend that they, under the terms of the will, take all of said property to the exclusion of the nieces and nephews of the testator.

11. The named defendants, being the nieces and nephews of the testator, contend that under the terms of the will the property should

Cox *v.* Heath.

descend *per stirpes* to the sisters and the representatives of the deceased brothers, and that they take in the same manner as their immediate ancestors would have taken had such ancestors survived the testator.

12. If the court shall be of the opinion, on the facts herein set out, that said property, under the terms of the will, descends to the surviving sisters of the testator to the exclusion of the representatives of the deceased brothers, it is agreed that the court shall render judgment accordingly; if the court shall be of the opinion that said property descends equally to the surviving sisters and to the children and representatives of the deceased brothers *per stirpes,* it is agreed that judgment shall be rendered accordingly."

The court rendered judgment "That the plaintiffs and the defendants take the real estate bequeathed by E. H. Heath *per stirpes.*" The plaintiffs excepted and assigned error and appealed to the Supreme Court.

*D. L. Ward for plaintiffs.*
*Whitehurst & Barden for defendants.*

CLARKSON, J. The question for our decision: Who are entitled to the real estate under the will of the testator, E. H. Heath, who used the words "my nearest heirs?" The testator died 14 November, 1921, and this will was probated 16 November, 1921. The will was made 20 January, 1917, and at the time the testator had a wife, who survived him and died 6 May, 1929. The provision in the will to be considered: "I devise all my real estate whatsoever the same may be, to my wife, Lydia E. Heath, until her death, *then I give it to my nearest heirs.*" He had a brother and two sisters living when the will was made and one brother dead; this brother died 28 June, 1898; both brothers left heirs— who are defendants in this action. The other brother died 5 June, 1919. Do the two sisters, plaintiffs in this action, get under the will the entire property left by their brothers as "my nearest heirs," or do the heirs of the two brothers representing their ancestor get an equal share with their aunts, the plaintiffs? We think that all share alike as "my nearest heirs"—that is, the two sisters get one-half and the heirs of the two dead brothers get one-half, representing their ancestors *per stirpes.*

This Court in *Wallace v. Wallace,* 181 N. C., at p. 163, citing numerous authorities, said: "And considering the facts further, the grantee, C. A. Wallace, having died without children or issue to take under the deed, the question recurs as to who are entitled under the ulterior limitation to 'his next of kin,' the claimants being respectively his three surviving brothers, his widow, and the children of deceased brothers and sisters. On this question it has been held in this jurisdiction, in a long line of cases in which the question was directly considered, that these

words mean 'nearest of kin' and that in the construction of deeds and wills, unless there are terms in the instrument showing a contrary intent, the words 'next of kin,' without more do not recognize or permit the principle of representation." In other words, his "nearest of kin" are the nearest blood kin, the three surviving brothers.

In the present action we can find no decision in this State deciding who are "my nearest heirs." If the words "my nearest heirs" were synonymous with the words "his next of kin," the *Wallace case, supra,* would govern—but this idea is persuasive but not controlling, as it would destroy the efficacy of the word "heirs."

At the time this will was made the testator had a wife and two sisters, the plaintiffs, and a brother living, and one brother dead who left heirs. The testator was on friendly terms with the family. A brother had died before and after the will was made and before testator died. There is no language in the will to indicate any favorites among the blood. The testator used the words "my nearest heirs." The word "heirs" has a technical, well defined, meaning. At common law: A person who succeeds by the rules of law, to an estate in lands, tenements and hereditaments, upon the death of his ancestor by descent and right of relationship. As the word "heirs" was used, to give it meaning, in the absence of contrary intention expressed in the will, we must conclude that the testator intended that the property should go by descent *per stirpes.* The "nearest heirs" are all those persons upon whom the law would cast the inheritance—those who are heirs are therefore necessarily nearest heirs.

In the case of *Ward v. Stow,* 17 N. C., at p. 512, *Gaston, J.,* says: *"An heir* is he who succeeds by descent to the inheritance of an ancestor, and in this, its appropriate sense, the word comprehends all heirs, and the heirs of heirs *ad infinitum,* as they are called by the law to the inheritance. This succession is regulated by the canons of descent. According to one of these, the lineal descendants of any person deceased represent their ancestor, or stand in the place in which such ancestor would have stood if living at the time of the descent cast, and it is this taking by a right of representation which is termed a succession *per stirpes* or by stocks, the branches taking the same share which their stock would have taken." *Witty v. Witty,* 184 N. C., 375.

In the case of *Kello v. Kello's Executors,* 127 Va. Rep., at p. 379-80, we find the following: "In the case of *Gwynne v. Muddock,* 14 Ves., p. 488, the Court construing the words 'nighest heir at law' held: 'It would be contrary to the intention to divide them *(i. e.,* the real and personal property devised), and it would be contrary to the words to give the whole to the next of kin. Therefore, the Court has no alternative but to adhere to the words of the will, and permit the person who answers the

description of heir at law to enjoy the whole.' This case would seem in point as the next of kin were before the court as claimants. The court awarded the estate to the heirs at law apparently upon the theory that the persons who would take as heirs at law were necessarily the nearest heirs at law. Having in mind that the word 'heirs' means the next of kin according to our statute of descents, and therefore, the persons upon whom the law would cast the estate in the event of intestacy, the words 'nearest heirs' used by the testator, John G. Kello, are equivalent to the words 'nearest heirs at law,' which are the precise words construed by Sir William Grant in the case cited, *supra*.

The word 'heirs,' when unexplained and uncontrolled by the context, must be interpreted according to its strict technical import, in which sense it obviously designates the person or persons appointed by law to succeed to the real estate in case of intestacy. 2 Jarman (5 ed.), p. 61; *Tillman v. Davis,* 95 N. Y., 24, 47 Am. Rep., 1." See *Croom v. Herring,* 11 N. C., 395; *Fields v. Rollins,* 186 N. C., 221; *Clark v. Clark,* 194 N. C., 288.

For the reasons given the judgment of the court below is
Affirmed.