G. M. GLENN, TRUSTEE, v. ROSS ASHBY, AGENT.

(Filed 17 February, 1932.)

**Deeds and Conveyances C c—Grantee in deed in this case took fee simple under rule in Shelley's case, and limitation over was defeated.**

Construing a deed in consideration of natural love and affection to the grantor's grandson by name "for life with remainder to his bodily heirs by ..............., if any, otherwise to M.": *Held*, the grantee acquired a fee-simple title under the rule in *Shelley's case*, and the limitation over to M. was defeated by the grantee's having living children, the condition not stipulating that the limitation over should take effect upon the death of the grantee without bodily heirs him surviving.

APPEAL by defendant from *Small, J.,* at October Term, 1931, of FRANKLIN. Affirmed.

This is a controversy without action involving the construction of the following clauses in a deed executed by J. Y. Medlin and Cora T. Medlin to Rex Weathersby on 24 August, 1925:

"That said Cora T. Medlin and husband, J. Y. Medlin, in consideration of the natural love and affection which they have for their grandson, Rex Weathersby, have bargained and sold, and by these presents do grant, bargain, sell and convey to said Rex Weathersby for life with remainder to the bodily heirs of said Rex Weathersby by............., if any, otherwise to J. R. Medlin, certain tracts or parcels of land in Franklin County, State of North Carolina, adjoining the lands of D. W. Spivey and others and bounded as follows,  . . .

"To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging, to the said Rex Weathersby for life with remainder to the bodily heirs of said Rex Weathersby, if any, otherwise to J. R. Medlin to their only use and behoof forever."

On 14 November, 1929, Rex Weathersby and his wife executed and delivered to G. M. Glenn, trustee, two deeds of trust conveying the real property in controversy. The trustee exposed the property to sale under the terms of the trust and the defendant became the last and highest bidder subject to the approval of title. The sale was confirmed by the clerk. The trustee tendered a deed and the defendant declined to accept it on the ground that the title acquired by Weathersby is defective in that the fee is or may be defeated by the ulterior limitation in his deed. It is admitted that Rex Weathersby has children.

It was adjudged at the hearing that the plaintiff as trustee can convey title in fee simple and that the defendant is obligated to comply with his bid. The defendant excepted and appealed.

*Gatling & Morris for plaintiff.*
*James E. Shepherd and S. Brown Shepherd for defendant.*

ADAMS, J. The controversy turns upon the question whether Rex Weathersby acquired a title in fee simple under the rule in *Shelley's case.* The plaintiff insists that the rule applies and that he can therefore convey to the grantee an indefeasible title, while the defendant takes the position that the ulterior limitation prevents the application of the rule. His Honor adopted the plaintiff's view.

Conceding the position that if the terms of the devise carry the entire estate in fee tail whether general or special the first devisee takes an estate in fee, we find that the phrase, "heirs of Rex Weathersby by

........:............ ," is unimportant. *Morehead v. Montague,* 200 N. C., 497; *Sessoms v. Sessoms,* 144 N. C., 121; *Jones v. Ragsdale,* 141 N. C., 200.

The property is conveyed to "Rex Weathersby for life with remainder to the bodily heirs of said Rex Weathersby by ..... ............." This clause standing alone transfers a title in fee to the grantee, but it is followed by the words "if any"—*i. e.,* if there are any bodily heirs. It is admitted that the grantee has children, living bodily heirs. The condition imposed by the words "if any" is thus fulfilled and the limitation to Medlin is defeated. By the express terms of the deed Rex Weathersby takes the fee. Substantially similar language was construed in *Radford v. Rose,* 178 N. C., 288, in which it is said, "Note that the language is not 'dying without bodily heirs,' or 'leaving no bodily heirs,' but that 'they have no bodily heirs,' a condition fully met by the fact that the plaintiff has three bodily heirs, to wit, three living children."

Upon the agreed facts it is not necessary to intimate what the effect would have been had the ulterior limitation depended upon the death of Rex Weathersby without bodily heirs surviving him. Judgment

Affirmed.