This is an action to restrain the defendants from selling certain lands under execution.
The essential facts are as follows:
1. The land now sought to be sold under execution was devised to C. C. Rawls and wife, Martha Magnolia Rawls, in 1918, by J. H. Rawls, in the following language: "This piece of property hereinafter described I loan to Crummel Cruesoe Rawls and his wife during their natural lives then to Crummel Cruesoe Rawls' lawful heirs described as follows," etc.
2. On 19 November, 1941, Shapleigh Hardware Company obtained a judgment in the Superior Court of Martin County against C. C. Rawls (Crummel Cruesoe Rawls) for $702.97, together with certain interest and costs, which judgment was duly docketed in the office of the Clerk of the Superior Court of Martin County on 21 November, 1941.
3. C. C. Rawls and wife, on 13 February, 1942, executed a deed to C. H. Manning for whatever interest C. C. Rawls might have in the lands devised to him by J. H. Rawls.
4. On 18 September, 1947, the defendant, C. B. Roebuck, Sheriff of Martin County, under and by virtue of an execution directed to him from the Superior Court of Martin County, to satisfy the above mentioned judgment, advertised for sale on 27 October, 1947, all the right, title and interest which C. C. Rawls had in the lands referred to herein, on 21 November, 1941, the date said judgment was docketed.
5. A temporary restraining order was issued 18 October, 1947, and the defendants ordered to show cause why the order should not be continued until the final hearing.
When this cause came on for hearing below, the court held that C. C. Rawls and wife held the property referred to herein, on 21 November, 1941, as tenants by the entireties and that the judgment of the defendant, Shapleigh Hardware Company, was not a lien upon the interest of C. C. Rawls which passed to him under the will of J. H. Rawls, and that the conveyance from C. C. Rawls and wife, to C. H. Manning, conveyed said lands "free from any lien of said judgment." Whereupon the restraining order theretofore issued was made permanent. The defendants appealed, assigning error.
The devise from J. H. Rawls to C. C. Rawls and wife, is for their natural lives and then to the heirs of C. C. Rawls. Under the rule inShelley's case, which has been firmly established in this jurisdiction *Page 539 
as a rule of law, C. C. Rawls took the devised property in fee simple, subject to the life estate of his wife. Cotten v. Moseley, 159 N.C. 1,74 S.E. 454; Smith v. Smith, 173 N.C. 124, 91 S.E. 721; Daniel v.Harrison, 175 N.C. 120, 95 S.E. 37; Hartman v. Flynn, 189 N.C. 452,127 S.E. 517. Therefore, the judgment docketed against C. C. Rawls by the Shapleigh Hardware Company, on 21 November, 1941, became a lien on his interest in the devised property.
Consequently, the judgment of the court below is erroneous, and is
Reversed.