WARREN A. RATLEY AND WIFE, GLADYS RATLEY, v. JOHN M. OLIVER, JR., AND WIFE, DORIS R. OLIVER.

(Filed 19 May, 1948.)

**1. Wills § 33b—**

The rule in *Shelley's case* is a rule of law and of property.

**2. Same—**

A devise to a person and his heirs takes a fee simple to the devisee under the rule in *Shelley's case* unless it is apparent from the language of the instrument that the word "heirs" is used to describe particular persons or a particular class rather than heirs general.

**3. Same—**

A devise to R "for his natural life, and at his death to his nearest heirs" takes a fee simple to R under the rule in *Shelley's case*, since "nearest heirs," standing alone, denote an indefinite succession of lineal descendants who are to take by inheritance.

APPEAL by defendants from *Carr, J.,* at April Term, 1948, of ROBESON. Affirmed.

This was an action to recover on a contract for the purchase of land. Payment was resisted on the ground of defect in plaintiffs' title. From judgment holding plaintiffs' title good, defendants appealed.

*David M. Britt for plaintiffs, appellees.*
*McKinnon & Seawell for defendants, appellants.*

DEVIN, J. The land which defendants contracted to purchase from the plaintiffs was devised to plaintiff W. A. Ratley "for his natural life, and at his death to his nearest heirs."

Under the rule in *Shelley's case* the language in which this devise was expressed must be given the effect of vesting a fee simple title to the land in the plaintiff Ratley. It is suggested by the defendants that the word "nearest" used by the testator limits the scope and meaning of the word heirs and prevents the application of the rule. It is argued that the phrase "nearest heirs," instead of describing the extent and quality of the estate conveyed to the first taker, and denoting those to take in indefinite succession, should be regarded as designation or description of the persons who are to take otherwise than by descent. But defendants' contention on this point seems to have been determined against them by the

adjudications of this Court in *Crisp v. Biggs,* 176 N. C., 1, 96 S. E., 662, and *Cox v. Heath,* 198 N. C., 503, 152 S. E., 388.

In *Crisp v. Biggs, supra,* it was held that "The words 'nearest heirs' means simply heirs and do not take the case out of the rule"; and in *Cox v. Heath, supra,* it was said, "The 'nearest heirs' are all those persons upon whom the law would cast the inheritance—Those who are heirs are therefore necessarily nearest heirs."

The cases cited by defendants wherein the words "nearest blood relative" (*Miller v. Harding,* 167 N. C., 53, 83 S. E., 25), "nearest relatives" (*Fields v. Rollins,* 186 N. C., 221, 119 S. E., 207), and "nearest blood kindred" (*Brown v. Mitchell,* 207 N. C., 132, 176 S. E., 258), were held to be *designatio personarum* rather than as denoting heirs generally, may not be held controlling here. The distinction is apparent.

The rule in *Shelley's case* is a rule of law and of property. *Rawls v. Roebuck,* 228 N. C., 537, 46 S. E. (2d), 323; *Hartman v. Flynn,* 189 N. C., 452, 127 S. E., 517; *Hampton v. Griggs,* 184 N. C., 13, 113 S. E., 501; *Daniel v. Harrison,* 175 N. C., 120, 95 S. E., 37; *Starnes v. Hill,* 112 N. C., 1, 16 S. E., 1011. It is only when the devisor uses in connection with the word heirs such explanatory and descriptive words or phrases as make it clear that the word heirs refers to certain particular individuals and that the devisor intended to change the rule of descent and to limit or confine the ultimate takers to a particular class or description, rather than to those who should take indefinitely in succession, that the rule does not apply. *Nichols v. Gladden,* 117 N. C., 497, 23 S. E., 459; *Nobles v. Nobles,* 177 N. C., 243, 98 S. E., 715; *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313; *Barnes v. Best,* 196 N. C., 668, 146 S. E., 710. And the principle seems to have been established by the adjudications of this Court that the words "nearest heirs," standing alone, should be understood in their technical sense as denoting an indefinite succession of lineal descendants who are to take by inheritance (*Ford v. McBrayer,* 171 N. C., 420, 88 S. E., 736; *Crisp v. Biggs, supra; Cox v. Heath, supra; Cotten v. Moseley,* 159 N. C., 1, 74 S. E., 454; 20 N. C. L., 63), and that the rule in *Shelley's case* applies as a rule of law and of property, vesting fee simple title in the first taker.

As illustrating this principle, it was pointed out by *Justice Brown* in *Daniel v. Harrison,* 175 N. C., 120, 95 S. E., 37, that "right heirs" (*Tyson v. Sinclair,* 138 N. C., 23); "lawful heirs" (*Perry v. Hackney,* 142 N. C., 368); "begotten heirs" (*Leathers v. Gray,* 101 N. C., 162); "surviving heirs" (*Price v. Griffin,* 150 N. C., 523); "lawful heirs of his body forever" (*Sessoms v. Sessoms,* 144 N. C., 121); "bodily heirs" (*Smith v. Smith,* 173 N. C., 124), were all held words of inheritance denoting a fee simple estate.

The ruling of the court below is correct and the judgment is
Affirmed.